**Ex parte Roman Shea GIBBONS.**

**No. 10–99–032–CR.**

Court of Appeals of Texas, Waco.

May 19, 1999.

Rehearing Overruled June 9, 1999.

Discretionary Review Refused Aug. 18, 1999.

---

6. TEX. PEN.CODE ANN. § 22.05 (Vernon 1994).

7. TEX. PEN.CODE ANN. § 22.02 (Vernon 1994).

Roman Shea Gibbsons, Ennis, for appellant.

Joe F. Grubbs, County & District Attorney, Waxahachie, for appellee.

Before Chief Justice DAVIS, Justice VANCE and Justice GRAY.

## OPINION

REX D. DAVIS Chief Justice

A jury convicted Appellant Roman Shea Gibbons of engaging in organized criminal activity. *See* TEX. PEN.CODE ANN. § 71.02 (Vernon 1994 & Supp.1999). Gibbons waived a jury determination of his sentence and entered into a plea agreement for punishment. The plea agreement provided that Gibbons' ten year sentence would be suspended and he would be placed on community supervision for ten years. As part of this plea bargain Gibbons signed a waiver of appeal. This Court dismissed Gibbons' original appeal in an unpublished opinion because he had knowingly and voluntarily waived appeal.

Thereafter, Gibbons filed an application for writ of habeas corpus with the trial court. The State filed a response to Gibbons' application. The court denied Gibbons' application without a hearing but issued the writ returnable to the Court of Criminal Appeals "by operation of law." *See* TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3(b) (Vernon Supp.1999). The district clerk filed the clerk's record with this Court.[1] We will dismiss for want of jurisdiction.

1. The district clerk filed the record with this Court apparently because she believed that article 11.07 required her to do so. *See* TEX.

A post-appeal challenge to a final felony conviction must be made under article 11.07. *Ex parte McCullough,* 966 S.W.2d 529, 531 (Tex.Crim.App.1998); *Rodriguez v. Court of Appeals,* 769 S.W.2d 554, 557 (Tex.Crim.App.1989). However, a habeas corpus applicant who has been granted community supervision which has not been revoked has not suffered a final felony conviction for purposes of article 11.07. *Rodriguez,* 769 S.W.2d at 557. Thus, an applicant in this situation cannot obtain habeas relief under article 11.07. *Id.* Such an applicant may, however, seek habeas relief under article V, section 8 of the Texas Constitution. *Id.* If the trial court issues the writ but denies relief, the applicant may appeal. *McCullough,* 966 S.W.2d at 531; *Rodriguez,* 769 S.W.2d at 557.

In this case, the trial court issued the writ but otherwise denied the relief requested. Thus, Gibbons may appeal the trial court's decision if he properly invokes this Court's jurisdiction. *See Ex parte Noe,* 646 S.W.2d 230, 231 (Tex.Crim.App. 1983).

A notice of appeal complying with the requirements of the appellate rules "is essential to vest [this Court] with jurisdiction." *Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App.1998); TEX.R.APP. P. 25.2, 26.2. Gibbons has not filed a notice of appeal. Thus, he has not invoked the jurisdiction of this Court. *Id.* Accordingly, we dismiss his appeal for want of jurisdiction.

CODE CRIM. PROC. ANN. 11.07, § 3(c), (d). (Vernon Supp.1999).