**Allan Sanchez ALVEAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–99–00333–CR.**

Court of Appeals of Texas,
San Antonio.

April 19, 2000.

Rehearing Overruled July 20, 2000.

Debra L. Parker, Law Office of Debra L. Parker, San Antonio, for Appellant.

Mary Beth Welsh, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

Due to the discovery of an error in the opinion issued on April 12, 2000, we withdraw that opinion and substitute this opinion in its place.

### NATURE OF THE CASE

Allan Sanchez Alvear appeals his conviction of felony driving while intoxicated (DWI). In his sole issue, he asserts that the State failed to prove two prior DWI convictions, which are necessary to a felony DWI charge. Specifically, Alvear alleges that his 1984 conviction is void because he involuntarily plead guilty to the charge. His assertions are based on the trial court's alleged failure to admonish him properly and to appoint an interpreter during the 1984 proceeding. We disagree with his allegations and affirm the lower court's judgment.

### DISCUSSION

■■■ In this case, Alvear attacks the validity of his 1984 conviction, asserting that his guilty plea was involuntary. A guilty plea must be entered knowingly and voluntarily. *See Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Estrada v. State,* 981 S.W.2d 68, 70 (Tex.App.-San Antonio 1998, pet. ref'd). To assess a plea's voluntary nature, we must ask whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). We consider the totality of the circumstances to answer this question. *See Crawford v. State,* 890 S.W.2d 941, 944 (Tex.App.-San Antonio 1994, no pet.). When the record reflects that the court properly admonished the defendant, a prima facie showing is made that the plea was entered voluntarily. *See Rodriguez v. State,* 933 S.W.2d 702, 705 (Tex.App.-San Antonio 1996, pet. ref'd).

The burden then shifts to the defendant to prove that he did not understand the consequences of his plea. *Id.* at 706.

■■■ "Uncounselled convictions cannot be used 'against a person either to support guilt or enhance punishment for another offense.'" *Parke,* 506 U.S. at 27, 113 S.Ct. 517 (citing *Burgett v. Texas,* 389 U.S. 109, 115, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967)). Accordingly, a defendant may collaterally attack a prior conviction used for enhancement purposes if that conviction is based on an involuntary plea of guilty or nolo contendre. *See Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App.1979). To properly attack such a conviction, the burden is on the party making the charge to show the conviction's invalidity in the record and preserve the error for appeal. *See West v. State,* 720 S.W.2d 511, 519 (Tex.Crim.App.1986); TEX.R.APP. P. 33.1. To meet this burden, the defendant must prove the invalidity of the conviction by a preponderance of the evidence. *See United States v. Barlow,* 17 F.3d 85, 89 (5th Cir.1994).

### *Missing Record*

Alvear recognizes that to effectively assert his claim that his 1984 plea was involuntary, he must show its invalidity on the face of the record. Despite Alvear's cognizance of his need for a record of his 1984 conviction, we have nothing but the judgment before us. Alvear requested a copy of the reporter's record and sought information about the court reporter present during those proceedings; he received nothing in response. Alvear therefore implies that the record is lost.

■■■ A defendant is not entitled to a reporter's record as a matter of right. Instead, at every stage of trial, a defendant must exercise some diligence to ensure that a record of any error will be available in the event that an appeal is necessary. *See Piotrowski v. Minns,* 873 S.W.2d 368, 370 (Tex.1993). Nonetheless, if a reporter's record of the proceedings

from which the appeal arises is lost or destroyed, an appellant is entitled to a new trial if he or she establishes that:

(1) the appellant has timely requested a reporter's record;

(2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed . . .;

(3) the lost, destroyed, or inaudible portion of the reporter's record . . . is necessary to the appeal's resolution; and

(4) the parties cannot agree on a complete reporter's record.

TEX.R.APP. P. 34.6(f). If, however, the missing record is not necessary to the appeal's resolution, then the record's loss is harmless, and a new trial is not required. *See Issac v. State*, 989 S.W.2d 754, 757 (Tex.Crim.App.1999).

 The Texas Government Code promotes the need for final judgments by placing the onus on the defendant to ensure a copy of the reporter's record exists beyond a certain time. The Code requires the court reporter upon request, to preserve notes for future reference for three years from the date they were taken. TEX. GOV'T CODE ANN. § 52.046(a)(4) (Vernon 2000). By negative implication, the Code allows reporters to purge stale notes from their records after three years, if no party has requested otherwise. *See id.; Piotrowski*, 873 S.W.2d at 371. Accordingly, to obtain the benefits of Rule 34.6(f), Alvear must have taken affirmative steps to ensure that the notes from his 1984 plea bargain were not destroyed. *See Piotrowski*, 873 S.W.2d at 371. It appears, however, that he did not.

The Court of Criminal Appeals dealt with a situation that is factually similar to the one before us in *Corley v. State*, 782 S.W.2d 859 (Tex.Crim.App.1989). In *Corley*, the State filed a motion to revoke Corley's probation ten years after he entered his plea. *Id.* at 859–60. Corley's probation was revoked and he appealed. *Id.* at 860. His sole issue on appeal re-

volved around whether he was entitled to a transcription of the plea hearing. *Id.* The transcript had been destroyed. *Id.* The appellate court held that Corley was entitled to a statement of facts and because it had been destroyed through no fault of his own, Corley was entitled to a new trial. *Id.* The Court of Criminal Appeals reversed, however, declining to read Texas Rule of Appellate Procedure 50(e) (now Rule 34.6(f)) so broadly as to allow Corley a new trial. *Id.* at 861. The Court held that "an attempt by the appellant to designate the statement of facts from the original plea hearing to be part of the record on appeal . . . is untimely when made *after the court reporter has properly destroyed her notes.*" *Id.* (emphasis added).

In this case, it has been fifteen years since Alvear plead guilty to the misdemeanor offense. He apparently took no action to preserve the reporter's record of that proceeding. Therefore, his request for the reporter's record is untimely, and Alvear is not entitled to a new trial under Rule 34.6(f). Accordingly, we must assess his claim that his plea was involuntary without the benefit of the reporter's record.

 It is unreasonable to presume from the unavailability of a reporter's record that a defendant was not advised of his rights, rendering his plea involuntary. *See Parke*, 506 U.S. at 30, 113 S.Ct. 517. Doing so would combat the well-settled principle that "every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the contrary appears." *See id.* at 30, 113 S.Ct. 517 (citing *Voorhees v. Jackson*, 35 U.S. 449, 472, 10 Pet. 449, 9 L.Ed. 490 (1836)). Therefore, recitations in the record, including a judgment, are binding in the absence of direct proof of their falsity. *See Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App. 1984). When prior convictions are collaterally attacked, the judgments reflecting those convictions are presumed to be valid, and the burden rests on the accused to defeat that presumption. *See James v.*

*State,* 997 S.W.2d 898, 902 (Tex.App.-Beaumont 1999, no pet. h.); *Williams v. State,* 946 S.W.2d 886, 900 (Tex.App.-Waco 1997, no pet.).

### Admonishments

■ Alvear asserts that because he was not properly admonished under Code of Criminal Procedure Article 26.13, his plea in the 1984 case against him was involuntary. Courts across Texas, however, consistently have held that Article 26.13 applies only to felony pleas of guilty or nolo contendre. *See, e.g., State v. Jimenez,* 987 S.W.2d 886, 889 (Tex.Crim.App. 1999); *Shipley v. State,* 828 S.W.2d 475, 480 (Tex.App.-El Paso 1992, pet. ref'd); *Gibson v. State,* 747 S.W.2d 68, 69 (Tex. App.-Corpus Christi 1988, no pet.). Because Alvear's plea in the 1984 case was to a misdemeanor charge, we cannot sustain his first issue based on this argument.

■ Even if we viewed Alvear's claim without his recitation to Art. 26.13, we could not find his plea was involuntary. When prior convictions are collaterally attacked, the judgments reflecting those convictions are presumed valid, and the accused bears the burden of defeating that presumption. *See James,* 997 S.W.2d at 902. Here, because Alvear did not timely request a copy of the reporter's record, we have nothing before us but Alvear's testimony that he was neither admonished nor appointed an interpreter. The 1984 judgment recites that Alvear "was mentally competent and the plea was free and voluntary . . ." Therefore, the State has made a prima facie showing that Alvear's plea was voluntary. The burden then shifted to Alvear to prove by a preponderance of the evidence that he did not understand the consequences of his plea. Alvear's only evidence is his testimony, and that of Laura Metcalf, the Chairperson of the Department of American Sign Language and Interpreter Training at San Antonio College. Alvear testified that he could not remember if he had an interpreter at the 1984 proceeding, but he did acknowledge he had an attorney present. Ms. Metcalf testified about Alvear's hearing and language disabilities and how those disabilities affected his day-to-day life. Her testimony however, was based on Alvear's condition during the 1999 trial. Ms. Metcalf was neither present during the 1984 proceeding nor did she have any information regarding Alvear's understanding of those proceedings at that time. Bald assertions by a defendant that his plea was involuntary are insufficient to overcome the presumption of regularity of the records. *See Parke,* 506 U.S. at 30, 113 S.Ct. 517; *Disheroon v. State,* 687 S.W.2d 332, 334 (Tex.Crim.App.1985). Therefore, Alvear's and Ms. Metcalf's testimony alone is not enough to overcome the presumption that his plea was voluntary.

### Interpreter

■ Alvear also contends that his plea in the 1984 conviction was involuntary because he was not provided with an interpreter. The United States and Texas Constitutions provide defendants with the right to confront witnesses against them. That right encompasses the more narrow right to have trial proceedings interpreted to the accused in a language he or she can understand. *See Cantu v. State,* 993 S.W.2d 712, 721 (Tex.App.-San Antonio 1999, pet. ref'd) (citing *Baltierra v. State,* 586 S.W.2d 553, 558 (Tex.Crim.App.1979)). The Texas Code of Criminal Procedure champions this right by requiring the trial court to appoint a qualified interpreter to interpret the proceedings in a language the defendant can understand, once the trial court has been notified that the defendant is deaf and will be present at a judicial proceeding. TEX.CODE CRIM. P. § 38.31(a) (Vernon 1999). A defendant, however, waives his or her right to complain about the lack of an interpreter if he or she does not object or file a motion requesting an interpreter, unless the trial court is somehow otherwise aware of the need for an interpreter. *See Cantu,* 993 S.W.2d at 721.

Without a record of the 1984 proceedings, it is impossible to determine whether Alvear requested an interpreter, objected to the trial court's alleged failure to appoint one, or if one was in fact appointed. Again, Alvear's testimony stating an interpreter was not present, which made it impossible for him to fully understand the proceedings, is insufficient to rebut the regularity of records presumption. We therefore overrule Alvear's sole issue and affirm the trial court's judgment.