Michael SOLOMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–00–226–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 15, 2001.

Grant Jones, Corpus Christi, for Appellant.

George P. Morrill, II, Dist. Atty., Herbert B. Hancock, Asst. Dist. Atty., Beeville, for State.

Before: Justices DORSEY, YAÑEZ, and CASTILLO.

## OPINION

DORSEY, Justice.

Applicant, Michael Solomon, is appealing from the trial court's denial of his application for writ of habeas corpus. We affirm.

### I. PROCEDURAL HISTORY

On November 1, 1993, applicant, after being indicted for sexual assault and attempted sexual assault, pleaded *nolo contendere* to attempted sexual assault with a plea agreement in Bee County, Texas. He was placed on deferred adjudication community supervision for ten years. After the State filed a motion to revoke probation applicant filed a response to the motion, alleging that he received ineffective assistance of counsel and that he did not enter his plea voluntarily.

At the revocation hearing the trial court heard testimony on the motion to revoke and on applicant's claims that his plea was involuntary and that he received ineffective assistance of counsel.[1] After hearing the evidence the trial court found that applicant received effective assistance of counsel and that he was properly admonished. The trial court made no finding on whether the plea was involuntary. The trial court also revoked community supervision, adjudicated the charge of attempted sexual assault, and assessed punishment at ten years in prison. The confinement was suspended, and applicant was placed on ten years community supervision.

Applicant appealed only the issue of ineffective assistance of counsel[2] to this

---

1. Judge Yeager treated these claims as an application for writ of habeas corpus, although applicant had included them in his response to the motion to revoke.

2. Specifically he complained that trial counsel

Court. On April 24, 1995 we affirmed the judgment in an unpublished opinion. We did not discuss whether applicant had voluntarily entered his plea.

## II. Writ of Habeas Corpus

On August 30, 1999, applicant filed a pre-conviction writ of habeas corpus, asserting that his *nolo* plea entered in 1993 was involuntary because it was induced by coercion from his attorneys. On January 20, 2000, the trial court heard argument on the writ. No new testimony was offered. Instead, the trial court took judicial notice of the record from the 1994 revocation hearing. After hearing argument the trial court denied relief and found that applicant's plea was voluntary and that he was not coerced. An order denying relief was filed on March 6, 2000.

Applicant's sole issue in this present appeal is whether his *nolo* plea was the result of mental coercion by his attorney that was sufficient to overbear his free will to weigh rationally the advantages of proceeding to trial against those of pleading *nolo contendere*. Before reaching the merits we must determine our jurisdiction over this appeal.

## III. Jurisdiction

■■■ Article 11.07(3)(a) of the code of criminal procedure provides that "After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." Tex.Code Crim.Proc.Ann. art. 11.07(3)(a) (Vernon Supp.2000). A post-appeal challenge to a final felony conviction must be made under article 11.07. *Ex parte Gibbons*, 992 S.W.2d 707, 708 (Tex. App.—Waco 1999, pet. ref'd) (citing *Ex parte McCullough*, 966 S.W.2d 529, 531 (Tex.Crim.App.1998)). However a habeas corpus applicant who has been granted community supervision which has not been revoked has not suffered a final felony

conviction for purposes of article 11.07. *Ex parte Gibbons*, 992 S.W.2d at 708. *See Ex parte Renier*, 734 S.W.2d 349, 351 (Tex. Crim.App.1987). Thus an applicant in this situation cannot obtain habeas relief under article 11.07. *Ex parte Gibbons*, 992 S.W.2d at 708. The applicant may, however-er, seek habeas relief under article V, section 8 of the Texas Constitution. *Id.* If the trial court issues the writ but denies relief, the applicant may appeal to the court of appeals, and, if unsuccessful, seek discretionary review in the court of criminal appeals. *Rodriguez v. Court of Appeals*, 769 S.W.2d 554, 557 (Tex.Crim.App.1989) (citing *Renier*, 734 S.W.2d at 353).

A case which is closely on point with the one now before us is *Ex parte Twyman*, 716 S.W.2d 951 (Tex.Crim.App.1986). In that case Twyman was found guilty of a felony and was placed on probation. The court of appeals affirmed his conviction. The court of criminal appeals denied his petition for discretionary review. Afterwards he filed a writ of habeas corpus in the trial court, challenging the validity of his conviction. After a hearing the trial court denied relief, and he appealed to the court of appeals which dismissed the appeal for want of jurisdiction. The court of criminal appeals stated:

> Because appellant had been granted probation, his conviction was not final. In this position, appellant had a remedy available to him through habeas relief under Articles 11.05, 11.08, and 11.23, V.A.C.C.P. Appellant was entitled to challenge any unlawful restraint in the trial court where he was convicted. If a trial court denied habeas relief to an applicant after hearing, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals.

*Id.* at 952.

■■■ In the instant case although applicant has exhausted his right to a direct

---

only required an initial payment of $200 to represent him, that counsel was generally not prepared for trial and did not have sufficient time to prepare, and that counsel failed to file pre-trial motions for discovery and notice.

appeal, his community supervision has not been revoked. Thus he may seek habeas relief under article V, section 8 of the Texas Constitution. *Ex parte Gibbons,* 992 S.W.2d at 708. Because the trial court issued the writ but denied relief, he may appeal to this Court. *Ex parte Twyman,* 716 S.W.2d at 952; *Ex parte Gibbons,* 992 S.W.2d at 708.

## IV. VOLUNTARINESS OF THE NOLO PLEA

A guilty plea must be entered knowingly and voluntarily. TEX.CODE CRIM.PROC.ANN. art. 26.13(b) (Vernon 1989); *Alvear v. State,* 25 S.W.3d 241, 244 (Tex. App.—San Antonio 2000, no pet.). A plea coerced by threat or force is involuntary. *Coronado v. State,* 25 S.W.3d 806, 809 (Tex.App.—Waco 2000, no pet.). To assess a plea's voluntary nature we must ask whether "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Alvear,* 25 S.W.3d at 244 (quoting *Parke v. Raley,* 506 U.S. 20, 29, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992)). When a defendant attests at his original plea hearing to the voluntary nature of his plea a "heavy burden" is placed on him at a later hearing to show a lack of voluntariness. *Cantu v. State,* 988 S.W.2d 481, 484 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *Sawyer v. State,* 778 S.W.2d 541, 543 (Tex. App.—Corpus Christi 1989, pet. ref'd).

## VI. ANALYSIS

Applicant's complaint is that his attorneys coerced him into entering the *nolo* plea. Applicant had paid Houston attorney Robert McAnelly a $200 retainer to represent him. But, because McAnelly and attorney Don McClure, a friend of applicant's family, wanted a local Bee County attorney to represent applicant, McClure paid attorney Juan Gonzales $2,500 to become lead counsel. Gonzales, an experienced criminal attorney, prepared the case for trial. On the day of trial Gonzales was prepared to try the case. Prior to trial he and McClure nego-

tiated a plea bargain with the prosecutors whereby applicant would enter a *nolo* plea to attempted sexual assault. Gonzales informed applicant that he could take his chances with a jury or accept the plea bargain. Gonzales testified that McClure told applicant:

> [L]ook, you abused your authority. You did these things. Now face up to it. Mr. Solomon said, yes, but this and that. And he [McClure] said you know that you did this thing. Now face up to it.... And ... instead of taking a chance and going with the jury and getting twenty years, this is what they're offering you. We think it's reasonable. It is up to you to take it or leave it, but you know you did these things and you abused your authority, and he said yes, I know.

Gonzales found applicant to be intelligent and aware of what was happening. He said that he explained the plea papers to applicant and that neither he nor McClure made any promises to applicant, and they did not intimidate him. Gonzales denied that he had coerced applicant.

Before applicant entered the plea he signed, as part of his plea papers, a document in which he attested that "I voluntarily and of my own free will plead no contest as charged...." He also attested that, "No one has promised me anything, or threatened me in any way, or placed me under any kind of fear ... in order to cause me to enter a plea of no contest to the charge herein." Moreover, the trial court had found that applicant was properly admonished.

Applicant testified that McClure was adamant that he accept the plea bargain. McClure told him that he would be a "fool" not to accept the plea. Applicant's testimony showed that he was willing to take the plea bargain.

The applicant, Michael Solomon, was a guard sergeant at the prison in Beeville, Texas. He was accused of sexually assaulting, and attempting to do so on anoth-

er occasion, a female guard who also worked at the prison unit. The victim complained of the assaults to her superiors and the incidents were investigated with the result that Solomon was indicted. The assaults occurred while the two were at work at the prison.

Solomon testified at the habeas corpus hearing that he was innocent of the charges and told his lawyers that repeatedly. Attorney Gonzalez testified that Solomon admitted having sexual relations with the victim, claiming they were consensual. A captain at the unit, who was a friend of Solomon, was with him at the courthouse awaiting trial while the lawyers engaged in plea negotiations for two hours or so. He was privy to the discussions between Solomon and his lawyers, and spoke with Solomon repeatedly during this difficult time. Trial was to begin later that day if plea negotiations were not successful. Many witnesses had been subpoenaed by the state and defense and were at the courthouse awaiting the trial to begin. Solomon was facing maximum sentences of 20 years imprisonment for the sexual assault and 10 years for the attempt. Solomon is an African–American and the victim is not. His lawyers strongly advised him to accept the plea bargain, which was that the assault charge would be dismissed and he would plead to the attempt, being placed on probation for 10 years without a finding of guilt by the court.

Although there is no question that Mr. Solomon was enduring great stress as a criminal defendant awaiting immediate trial on grievous felony charges, we find no evidence that he was coerced into accepting the plea bargain. He had difficult decisions to make, and he made a choice. In his testimony at the hearing on his writ of habeas corpus he is articulate and seems quite self assured. His counsel testified that he is highly intelligent.

We find no evidence from this record that applicant's attorneys threatened, forced, or coerced applicant to enter his plea. The plea represented a voluntary and intelligent choice that Mr. Solomon made of his own free will. We hold that the trial court did not err by denying relief.

We affirm the judgment.