NUMBER 13-00-226-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MICHAEL SOLOMON
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 156th District Court


of Bee County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Castillo


Opinion by Justice Dorsey



 Applicant, Michael Solomon, is appealing from the trial court's
denial of his application for writ of habeas corpus. We affirm.

I. Procedural History


 On November 1, 1993, applicant, after being indicted for sexual
assault and attempted sexual assault, pleaded nolo contendere to
attempted sexual assault with a plea agreement in Bee County, Texas. 
He was placed on deferred adjudication community supervision for ten
years. After the State filed a motion to revoke probation applicant filed
a response to the motion, alleging that he received ineffective
assistance of counsel and that he did not enter his plea voluntarily.

 At the revocation hearing the trial court heard testimony on the
motion to revoke and on applicant's claims that his plea was
involuntary and that he received ineffective assistance of counsel.(1) 
After hearing the evidence the trial court found that applicant received
effective assistance of counsel and that he was properly admonished. 
The trial court made no finding on whether the plea was involuntary. 
The trial court also revoked community supervision, adjudicated the
charge of attempted sexual assault, and assessed punishment at ten
years in prison. The confinement was suspended, and applicant was
placed on ten years community supervision.

 Applicant appealed only the issue of ineffective assistance of
counsel(2) to this Court. On April 24, 1995 we affirmed the judgment in
an unpublished opinion. We did not discuss whether applicant had
voluntarily entered his plea.

II. Writ of Habeas Corpus


 On August 30, 1999, applicant filed a pre-conviction writ of
habeas corpus, asserting that his nolo plea entered in 1993 was
involuntary because it was induced by coercion from his attorneys. On
January 20, 2000, the trial court heard argument on the writ. No new
testimony was offered. Instead, the trial court took judicial notice of the
record from the 1994 revocation hearing. After hearing argument the
trial court denied relief and found that applicant's plea was voluntary
and that he was not coerced. An order denying relief was filed on
March 6, 2000.

 Applicant's sole issue in this present appeal is whether his nolo
plea was the result of mental coercion by his attorney that was
sufficient to overbear his free will to weigh rationally the advantages of
proceeding to trial against those of pleading nolo contendere. Before
reaching the merits we must determine our jurisdiction over this appeal.

III. Jurisdiction


 Article 11.07(3)(a) of the code of criminal procedure provides that
"After final conviction in any felony case, the writ must be made
returnable to the Court of Criminal Appeals of Texas at Austin, Texas." 
Tex. Code Crim. Proc. Ann. art. 11.07(3)(a) (Vernon Supp. 2000). A
post-appeal challenge to a final felony conviction must be made under
article 11.07. Ex parte Gibbons, 992 S.W.2d 707, 708 (Tex. App.--Waco 1999, pet. ref'd) (citing Ex parte McCullough, 966 S.W.2d 529,
531 (Tex. Crim. App. 1998)). However a habeas corpus applicant who
has been granted community supervision which has not been revoked
has not suffered a final felony conviction for purposes of article 11.07. 
Ex parte Gibbons, 992 S.W.2d at 708. See Ex parte Renier, 734 S.W.2d
349, 351 (Tex. Crim. App. 1987). Thus an applicant in this situation
cannot obtain habeas relief under article 11.07. Ex parte Gibbons, 992
S.W.2d at 708. The applicant may, however, seek habeas relief under
article V, section 8 of the Texas Constitution. Id. If the trial court issues
the writ but denies relief, the applicant may appeal to the court of
appeals, and, if unsuccessful, seek discretionary review in the court of
criminal appeals. Rodriguez v. Court of Appeals, 769 S.W.2d 554, 557
(Tex. Crim. App. 1989) (citing Renier, 734 S.W.2d at 353).

 A case which is closely on point with the one now before us is Ex
parte Twyman, 716 S.W.2d 951 (Tex. Crim. App. 1986). In that case
Twyman was found guilty of a felony and was placed on probation. 
The court of appeals affirmed his conviction. The court of criminal
appeals denied his petition for discretionary review. Afterwards he filed
a writ of habeas corpus in the trial court, challenging the validity of his
conviction. After a hearing the trial court denied relief, and he appealed
to the court of appeals which dismissed the appeal for want of
jurisdiction. The court of criminal appeals stated:

 Because appellant had been granted probation, his
conviction was not final. In this position, appellant had a
remedy available to him through habeas relief under Articles
11.05, 11.08, and 11.23, V.A.C.C.P. Appellant was entitled
to challenge any unlawful restraint in the trial court where he
was convicted. If a trial court denied habeas relief to an
applicant after hearing, the applicant's appropriate remedy
would be to take an appeal from this denial to the Court of
Appeals.


Id. at 952.

 In the instant case although applicant has exhausted his right to
a direct appeal, his community supervision has not been revoked. Thus
he may seek habeas relief under article V, section 8 of the Texas
Constitution. Ex parte Gibbons, 992 S.W.2d at 708. Because the trial
court issued the writ but denied relief, he may appeal to this Court. Ex
parte Twyman, 716 S.W.2d at 952; Ex parte Gibbons, 992 S.W.2d at
708.

IV. Voluntariness of


The Nolo Plea



 A guilty plea must be entered knowingly and voluntarily. Tex.
Code Crim. Proc. Ann. art. 26.13(b) (Vernon 1989); Alvear v. State, 25
S.W.3d 241, 244 (Tex. App.-- San Antonio 2000, no pet.). A plea
coerced by threat or force is involuntary. Coronado v. State, 25 S.W.3d
806, 809 (Tex. App.--Waco 2000, no pet.). To assess a plea's voluntary
nature we must ask whether "the plea represents a voluntary and
intelligent choice among the alternative courses of action open to the
defendant." Alvear, 25 S.W.3d at 244 (quoting Parke v. Raley, 506 U.S.
20, 29 (1992)). When a defendant attests at his original plea hearing to
the voluntary nature of his plea a "heavy burden" is placed on him at a
later hearing to show a lack of voluntariness. Cantu v. State, 988
S.W.2d 481, 484 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd);
Sawyer v. State, 778 S.W.2d 541, 543 (Tex. App.--Corpus Christi 1989,
pet. ref'd).

4
VI. Analysis


 Applicant's complaint is that his attorneys coerced him into
entering the nolo plea. Applicant had paid Houston attorney Robert
McAnelly a $200 retainer to represent him. But, because McAnelly and
attorney Don McClure, a friend of applicant's family, wanted a local Bee
County attorney to represent applicant, McClure paid attorney Juan
Gonzales $2,500 to become lead counsel. Gonzales, an experienced
criminal attorney, prepared the case for trial. On the day of trial
Gonzales was prepared to try the case. Prior to trial he and McClure
negotiated a plea bargain with the prosecutors whereby applicant
would enter a nolo plea to attempted sexual assault. Gonzales informed
applicant that he could take his chances with a jury or accept the plea
bargain. Gonzales testified that McClure told applicant:

 [L]ook, you abused your authority. You did these things. 
Now face up to it. Mr. Solomon said, yes, but this and that. 
And he [McClure] said you know that you did this thing. 
Now face up to it. . . . And . . . instead of taking a chance
and going with the jury and getting twenty years, this is
what they're offering you. We think it's reasonable. It is up
to you to take it or leave it, but you know you did these
things and you abused your authority, and he said yes, I
know.


Gonzales found applicant to be intelligent and aware of what was
happening. He said that he explained the plea papers to applicant and
that neither he nor McClure made any promises to applicant, and they
did not intimidate him. Gonzales denied that he had coerced applicant.

 Before applicant entered the plea he signed, as part of his plea
papers, a document in which he attested that "I voluntarily and of my
own free will plead no contest as charged . . . ." He also attested that,
"No one has promised me anything, or threatened me in any way, or
placed me under any kind of fear . . . in order to cause me to enter a
plea of no contest to the charge herein." Moreover, the trial court had
found that applicant was properly admonished. 

 Applicant testified that McClure was adamant that he accept the
plea bargain. McClure told him that he would be a "fool" not to accept
the plea. Applicant's testimony showed that he was willing to take the
plea bargain.

 The applicant, Michael Solomon, was a guard sergeant at the
prison in Beeville, Texas. He was accused of sexually assaulting, and
attempting to do so on another occasion, a female guard who also
worked at the prison unit. The victim complained of the assaults to her
superiors and the incidents were investigated with the result that
Solomon was indicted. The assaults occurred while the two were at
work at the prison. 

 Solomon testified at the habeas corpus hearing that he was
innocent of the charges and told his lawyers that repeatedly. Attorney
Gonzalez testified that Solomon admitted having sexual relations with
the victim, claiming they were consensual. A captain at the unit, who
was a friend of Solomon, was with him at the courthouse awaiting trial
while the lawyers engaged in plea negotiations for two hours or so. He
was privy to the discussions between Solomon and his lawyers, and
spoke with Solomon repeatedly during this difficult time. Trial was to
begin later that day if plea negotiations were not successful. Many
witnesses had been subpoenaed by the state and defense and were at
the courthouse awaiting the trial to begin. Solomon was facing
maximum sentences of 20 years imprisonment for the sexual assault
and 10 years for the attempt. Solomon is an African-American and the
victim is not. His lawyers strongly advised him to accept the plea
bargain, which was that the assault charge would be dismissed and he
would plead to the attempt, being placed on probation for 10 years
without a finding of guilt by the court.

 Although there is no question that Mr. Solomon was enduring
great stress as a criminal defendant awaiting immediate trial on
grievous felony charges, we find no evidence that he was coerced into
accepting the plea bargain. He had difficult decisions to make, and he
made a choice. In his testimony at the hearing on his writ of habeas
corpus he is articulate and seems quite self assured. His counsel
testified that he is highly intelligent. 

 We find no evidence from this record that applicant's attorneys
threatened, forced, or coerced applicant to enter his plea. The plea
represented a voluntary and intelligent choice that Mr. Solomon made
of his own free will. We hold that the trial court did not err by denying
relief.

 We affirm the judgment. 



 ______________________________

 J. BONNER DORSEY,

 Justice


Publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 15th day of February, 2001.

1. Judge Yeager treated these claims as an application for writ of
habeas corpus, although applicant had included them in his response
to the motion to revoke.
2. Specifically he complained that trial counsel only required an initial
payment of $200 to represent him, that counsel was generally not
prepared for trial and did not have sufficient time to prepare, and that
counsel failed to file pre-trial motions for discovery and notice.