In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00200-CR


______________________________




CHRISTOPHER JOE KREITEL, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 336th Judicial District Court


Fannin County, Texas


Trial Court No. 20100




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Justice Ross



O P I N I O N



 Christopher Joe Kreitel, age twenty-seven at the time of trial, appeals his conviction
for aggravated sexual assault of a child. Kreitel waived a jury, and a trial on guilt/innocence
was heard in conjunction with a motion to adjudicate Kreitel's guilt in a separate cause in
which he was on deferred adjudication community supervision for delivery of a controlled
substance and with a motion to revoke his community supervision in another cause
wherein he had been convicted of possession of marihuana. The trial court found Kreitel
guilty of aggravated sexual assault. Pursuant to a plea agreement on punishment only,
Kreitel was sentenced to twenty years' imprisonment. The trial court also adjudicated
Kreitel's guilt in the delivery of a controlled substance case and revoked his community
supervision in that case and in the possession of marihuana case, sentencing him to two
years' confinement in a state jail facility in each of the latter cases. The trial court ordered
all three sentences to run concurrently. See Tex. Code Crim. Proc. Ann. art. 42.08
(Vernon Supp. 2003). Kreitel gave oral notices of appeal in all three cases. However, his
written notice of appeal concerns only the conviction for aggravated sexual assault. 

 In several points of error, Kreitel contends the trial court erred by revoking his
community supervision in the two drug cases, and he challenges the legal and factual
sufficiency of the evidence supporting a finding of guilt for the offense of aggravated sexual
assault of a child. For the reasons set forth below, we affirm the trial court's judgment.

 In his first point of error, Kreitel contends the trial court's decision to adjudicate his
guilt for delivery of a controlled substance was not supported by legally sufficient evidence. 
In his second point of error, Kreitel contends the trial court's decision to adjudicate his guilt
for delivery of a controlled substance was not supported by factually sufficient evidence. 
In his third point of error, Kreitel contends the trial court erred in adjudicating his guilt for
delivery of marihuana based on his failure to pay fines, fees, and court costs because
Kreitel presented evidence of his inability to pay. And in his fourth point of error, Kreitel
contends the trial court erred by revoking his community supervision based on the
conviction for aggravated sexual assault of a child.

 Both Kreitel and the State appear to assume this Court has jurisdiction to consider
the merits of Kreitel's appeal of the trial court's decision to adjudicate Kreitel's guilt for
possession of marihuana and delivery of a controlled substance, because both parties
briefed the merits of Kreitel's first four issues. "In a criminal case, appeal is perfected by
timely filing a notice of appeal." Tex. R. App. P. 25.2(a). Such notice must be written and
filed with the trial court clerk. Tex. R. App. P. 25.2(b)(1). A written notice of appeal
complying with the requirements of the Rules of Appellate Procedure is essential to invoke
the appellate jurisdiction of this Court. Ex parte Gibbons, 992 S.W.2d 707, 708 (Tex.
App.-Waco 1999, pet. ref'd) (citing Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998)).

 In the record before us, Kreitel's notice of appeal concerns only the case in which
he was charged with aggravated sexual assault. The record contains no formal notice of
appeal of the other cases. Accordingly, to the extent the parties' briefs address points of
error concerning the two drug cases, we are without jurisdiction to consider those issues. 
See Slaton, 981 S.W.2d at 210; Olivo v. State, 918 S.W.2d 519, 523 (Tex. Crim. App.
1996); Gibbons, 992 S.W.2d at 708. We overrule Kreitel's first, second, third, and fourth
points of error for want of jurisdiction.

 In his fifth and sixth points of error, Kreitel contends the evidence is legally and
factually insufficient to support his conviction for aggravated sexual assault of a child. 
When conducting a legal sufficiency review, we examine all the evidence in the light most
favorable to the prosecution and ask if any reasonable trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307 (1979); Nelson v. State, 848 S.W.2d 126, 131 (Tex. Crim. App. 1992); Garrett v. State,
998 S.W.2d 307, 310 (Tex. App.-Texarkana 1999, pet. ref'd, untimely filed). The trier of
fact is free to accept or reject any or all of any witness' testimony and reconcile any
conflicts in the evidence. Peters v. State, 997 S.W.2d 377, 383 (Tex. App.-Beaumont
1999, no pet.). In reviewing the evidence for legal sufficiency, this Court must presume the
trier of fact resolved any conflicting inferences in favor of the prosecution and must defer
to that resolution. Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). The fact-finder may use common sense and apply common knowledge, observation, and
experience gained in the ordinary affairs of life when giving effect to the inferences that
may reasonably be drawn from the evidence and may infer knowledge or intent from the
acts, words, and conduct of the accused. See Manrique v. State, 994 S.W.2d 640, 649
(Tex. Crim. App. 1999) (Meyers, J., concurring); Wawrykow v. State, 866 S.W.2d 87, 88-89
(Tex. App.-Beaumont 1993, pet. ref'd). 

 When reviewing the evidence for factual sufficiency, we examine the evidence in
a neutral light and set aside the verdict only if the evidence supporting guilt is so obviously
weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as
to render the conviction clearly wrong and manifestly unjust. Ortiz v. State, No. 73692,
2002 WL 31116634, at *5 (Tex. Crim. App. Sept. 25, 2002). Though an appellate court
may "disregard evidence that supports the verdict, it must be appropriately deferential so
as to avoid substituting its own judgment for that of the fact finder." Id. We must not
substantially intrude on the fact-finder's role as sole judge of the weight and credibility of
the witnesses and their testimony. Id. 

 Kreitel contends the evidence is legally and factually insufficient to support his
conviction for aggravated sexual assault of a child by penetrating the victim's mouth with
his sexual organ because the evidence does not show Kreitel directly or indirectly caused
the victim's mouth to be penetrated by Kreitel's genitals. A person commits the offense of
aggravated sexual assault if he or she intentionally or knowingly causes the penetration
of the mouth of a child by the sexual organ of the actor and the child is younger than
fourteen years of age and not the spouse of the actor. Tex. Pen. Code Ann. § 22.021
(Vernon Supp. 2003). "A person acts intentionally, or with intent, with respect to the nature
of his conduct or to a result of his conduct when it is his conscious objective or desire to
engage in the conduct or cause the result." Tex. Pen. Code Ann. § 6.03(a) (Vernon 1994)
(emphasis added). A defendant's intent may be inferred from the defendant's words,
actions, or other conduct. Patrick v. State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). 

 The victim testified that, when she had lived with her mother, her mother made her
touch Kreitel's "private." The victim further stated her mother had made her (the victim) put
her mouth on Kreitel's "private." According to the victim's testimony, Kreitel was awake
when this happened. The victim's sister also testified she saw the victim touch and put her
mouth on Kreitel's genitals. 

 Examining all the evidence in the light most favorable to the verdict, we believe the
evidence is legally sufficient to establish the elements of aggravated sexual assault of a
child. The evidence shows Kreitel was awake and conscious at the time of the incident,
and there is nothing in the record to indicate Kreitel was anything other than a willing
participant in the crime. It is this willing participation that demonstrates Kreitel's "conscious
objective or desire to engage in the conduct or cause the result" of that participation,
namely the insertion of his genitals in the victim's mouth. See Tex. Pen. Code Ann.
§ 6.03(a) (emphasis added). The contrary evidence (Kreitel's denial) was found to be
incredible by the fact-finder, as evidenced by the trial court's judgment of guilt. See Turro,
867 S.W.2d at 47 (appellate court presumes conflicting evidence was resolved in favor of
prosecution). Kreitel's silence at the time of the incident and his acquiescence in having
his penis penetrate the victim's mouth is sufficient circumstantial evidence he intended the
resulting crime to occur. See Saldivar v. State, 783 S.W.2d 265, 267 (Tex. App.-Corpus
Christi 1989, no pet.) (aggravated sexual assault of child is result-oriented offense). We
overrule Kreitel's fifth point of error.

 Examining all the evidence presented at trial in a neutral light, as is required for a
factual sufficiency review, there is evidence both contradicting and supporting the trial
court's judgment. Another girl and her mother, who according to the victim and her sister
had both witnessed the crime, denied seeing any sexual contact between the victim and
Kreitel. Kreitel himself denied having sexually assaulted the victim. This evidence
contradicts the trial court's judgment. 

 There are also differences between the victim's pretrial interviews and her testimony
at trial. In her initial interview at a child advocacy center, the victim did not mention that
Kreitel sexually assaulted her. In her second interview at that facility, the victim said she
was forced to touch Kreitel's genitals with her hand, but she repeatedly denied ever putting
her mouth on Kreitel's genitals. It was not until trial that the victim first testified she was
made to put her mouth on Kreitel's genitals. However, it is the duty of the fact-finder, not
the court of appeals, to resolve conflicts regarding the reliability of conflicts in witness
testimony. Peters, 997 S.W.2d at 383 (fact-finder free to disbelieve victim's recantation;
appellate court should not re-evaluate probative value of testimony). 

 In this case, deciding the probative value of discrepancies between the victim's
interview statements and her trial testimony is best left to the fact-finder who heard the
evidence and observed the witness' behavior at the time of trial. The trial court found
Kreitel guilty of causing his genitals to penetrate the victim's mouth, and we must therefore
assume the trial court reconciled the victim's conflicting statements in favor of finding that
her trial testimony carried the greatest credible weight.

 Additionally, specific and concrete evidence corroborates the victim's trial testimony
on the central issues. The victim and her sister both testified that the crime occurred in the
family's living room, that Kreitel's pants were below his knees at the time, that the victim
was forced to put Kreitel's penis in her mouth, and that Kreitel was awake at the time. 
Given our obligation to not substantially intrude on the fact-finder's role as sole judge of the
weight and credibility of the witnesses, we find the evidence factually sufficient to support
the trial court's judgment. (1) Ortiz, 2002 WL 31116634, at *5; Peters, 997 S.W.2d at 383. 
We overrule Kreitel's sixth point of error. 


 We affirm the trial court's judgment.



 Donald R. Ross

 Justice



Date Submitted: November 12, 2002

Date Decided: January 30, 2003


Do Not Publish

1. In its ruling on guilt/innocence, the trial court stated, "Despite the conflicts in the
testimony, the [trial] Court is going to find the believable testimony and the weight of the
testimony establishes the defendant's guilt beyond a reasonable doubt." Clearly, the trial
court's judgment was based on its finding that the credible testimony was that of the victim
and her sister.