NUMBER 13-02-616-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




ADOLFO RUBIO ANGEL , Appellant,



v.




THE STATE OF TEXAS , Appellee.




On appeal from the 2nd 25th District Court

of Gonzales County, Texas.




MEMORANDUM OPINION


Before Justices Rodriguez, Castillo, and Wittig (1)

Opinion by Justice Castillo


 Appellant Adolfo Angel appeals the trial court's refusal to issue a writ of habeas corpus. In accordance with a
plea bargain, Angel pleaded guilty to attempted sexual assault. The trial court honored the punishment
recommendation and deferred a finding of guilt, placed Angel on community supervision for five years, and
assessed a $1,000.00 fine. The State later dismissed a second case that had been pending at the time of the
plea. Pursuant to article 11.08 of the code of criminal procedure, (2) Angel filed an application for writ of
habeas corpus, asserting that the cause number on the community supervision order at the time he pleaded was
the cause number of the later-dismissed case. Angel claimed that the cause number on the order had been
changed, at the behest of the State, after his plea. He argued that the evidence submitted in support of his plea
related to the offense to which he had pleaded, not to the offense charged under the cause number that
originally had appeared on the order. The relief Angel sought in the writ application was for the trial court to
set aside the order. After a hearing on Angel's application, the trial court refused to issue the writ. We dismiss
the appeal for want of jurisdiction.

JURISDICTION


 Texas law does not provide for a right of appeal from either a trial court's issuance of a writ of habeas corpus
or its refusal to issue a writ, even after a hearing. Ex parte Hargett, 819 S.W.2d 866, 868 (Tex. Crim. App.
1991). Without addressing the merits of Angel's application, the trial court refused to issue a writ of habeas
corpus. (3) Thus, the procedural posture of this appeal is distinguished from the appeal at issue in Hargett,
where the court of criminal appeals held that "[w]hen a hearing is held on the merits of an applicant's claim and
the court subsequently rules on the merits of that claim, the losing party may appeal." Id.; see Solomon v.
State, 39 S.W.3d 704, 706-07 (Tex. App.-Corpus Christi 2001, no pet.) (finding jurisdiction over appeal
where "the trial court issued the writ but denied relief"). 

 The trial court did not deny the relief requested by Angel in his application for writ of habeas corpus, which
ruling would have been appealable. Rather, the trial court refused to issue a writ of habeas corpus, a ruling
that is not appealable. We have no jurisdiction. 


CONCLUSION


 Accordingly, we dismiss this appeal for want of jurisdiction. 



ERRLINDA CASTILLO

Justice

Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 29th day of May, 2003. 

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. Tex. Code Crim. Proc. Ann. art. 11.08 (Vernon 1977). 

3. At the conclusion of the hearing, the trial judge stated, "There is no fact issue for this Court to decide, so
the writ of habeas corpus is denied." We interpret this ruling as reflecting the trial court's conclusion that a
hearing on the merits of Angel's claims was unnecessary and, accordingly, as a refusal to issue a writ of habeas
corpus, not as a denial of Angel's claims on the merits.