# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00033-CR

**Fred Lee Holtzclaw, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF DALLAS COUNTY, 194TH JUDICIAL DISTRICT NO. F-0234694-LM, HONORABLE F. HAROLD ENTZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Fred Lee Holtzclaw appeals from his conviction for robbery. *See* Tex. Pen. Code Ann. § 29.02 (West 2003). Appellant waived his right to trial by jury and entered a non-negotiated plea of guilty to the offense. The trial court accepted the plea. After a sentencing hearing in which numerous witnesses testified, the court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice-Institutional Division. Appellant brings one issue on appeal, contending that he did not knowingly and voluntarily enter the guilty plea because he believed that the trial court would defer the adjudication of guilt or would assess punishment in the lower end of the possible sentencing range. We affirm the trial court's judgment.

Appellant was caught stealing items from a truck by its owner with whom appellant got into a fight. At the time of this offense, appellant was on parole from a life sentence for robbery and had numerous previous convictions for various felonies and misdemeanors extending back to

1961. At the punishment hearing, several family members testified on his behalf and asked the court not to return appellant to jail. However, appellant's pre-sentence investigation report recommended against probation. The punishment assessed, ten years' confinement, is in the middle of the possible two-to-twenty-year sentence for the offense.

A trial court must admonish a defendant, either orally or in writing, before accepting a plea of guilty or nolo contendere. Tex. Code Crim. Proc. Ann. art. 26.13(a), (d) (West 1989 & Supp. 2003). When the record shows the court gave these admonishments, a *prima facie* showing is made that the defendant entered the plea knowingly and voluntarily. *Mallett v. State*, 65 S.W.3d 59, 64 (Tex. Crim. App. 2001); *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea. *Martinez*, 981 S.W.2d at 197; *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.—Corpus Christi 2001, no pet.). A defendant who attests at the original plea hearing that his plea is made knowingly and voluntarily bears a heavy burden on appeal in attempting to prove that he did not in fact understand the nature and consequences of his plea. *Solomon v. State*, 39 S.W.3d 704, 707 (Tex. App.—Corpus Christi 2001, no pet.); *Thornton v. State*, 734 S.W.2d 112, 113 (Tex. App.—Houston [1st Dist.] 1987, pet. ref'd).

The record shows that appellant was admonished both orally and in writing of the consequences of his plea; he was informed that the punishment range for the charged offense was two to twenty years with an optional fine not to exceed $10,000. At the plea hearing, appellant testified that he was entering his plea freely and voluntarily and that he understood that the trial court could set his punishment anywhere within the range provided by law. Appellant admits in his brief

that the record does not affirmatively show appellant received "significant misinformation" regarding the disposition of his case. *See Burke v. State*, 80 S.W.3d 82, 93 (Tex. App.—Fort Worth 2002, no pet.) (plea of guilty motivated by significant misinformation conveyed by defense counsel involuntary). We have reviewed the record; nothing in the record supports appellant's assertion that he entered his plea believing that the trial court would assess a light sentence. Furthermore, a hope of leniency does not render a plea involuntary. *See Tovar-Torres v. State*, 860 S.W.2d 176, 178 (Tex. App.—Dallas 1993, no pet.) ("A plea is not rendered involuntary simply because a defendant received a greater punishment than he anticipated."). Appellant has not met his burden to show he did not understand the nature and consequences of his plea. *See Solomon*, 39 S.W.3d at 707.

We overrule appellant's only issue. We affirm the trial court's judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: January 8, 2004

Do Not Publish

3