COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-505-CR

EX PARTE RUBBIN STAPP APPELLANT

------------

FROM THE 97
TH
 DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Rubbin Stapp attempts to appeal the trial court’s denial of his petition for writ of habeas corpus.  We will dismiss for want of jurisdiction.

The trial court denied Appellant’s petition for writ of habeus corpus on September 9, 2004.  Thus, his notice of appeal was due in the trial court on October 11, 2004.  
See
 
Tex. R. App. P.
 26.2(a)(1).  To date, no notice of appeal has been filed in the trial court.

Instead, Appellant filed a notice of appeal in this court.  On October 28, 2004, we notified Appellant that we were concerned that we may not have jurisdiction over this appeal because the notice was not timely filed in the trial court.  We further notified Appellant that this appeal may be dismissed for want of jurisdiction unless Appellant or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal.  No response has been filed.

A notice of appeal that complies with the requirements of the appellate rules is essential to vest the court of appeals with jurisdiction over the appeal.  
Slaton v. State, 
981 S.W.2d 208, 210 (Tex. Crim. App. 1998); 
Ex parte Gibbons, 
992 S.W.2d 707, 708 (Tex. App.—Waco 1999, pet. ref’d).  Rule 25.2(c)(1) requires a defendant to file the notice of appeal with the trial court clerk, not with the court of appeals.  
See 
Tex. R. App. P.
 25.2(c)(1).  

Appellant’s notice of appeal filed in the wrong court does not comply with the appellate rules.  Therefore, we dismiss the appeal for want of jurisdiction.

PER CURIAM

PANEL D: GARDNER, WALKER, and McCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 9, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.