Opinion issued June 9, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00733-CR

———————————

TIMOTHY evan kennedy, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 338th Judicial District Court

Harris County, Texas



Trial Court Case No. 1221250

 



 

MEMORANDUM OPINION

A jury
found appellant, Timothy Evan Kennedy, guilty of the felony offense of driving
while intoxicated (“DWI”)[1] and assessed his
punishment at confinement for four years. 
In his sole point of error, appellant contends that the trial court
erred in admitting into evidence one of his prior misdemeanor DWI convictions as
it is “void for lack of proof of waiver of the right to trial by jury.”  

We affirm.  

Background

          A
Harris County grand jury issued a true bill of indictment, alleging that appellant,
on June 21, 2009, committed the felony offense of DWI, having been  twice previously convicted of misdemeanor DWI
offenses: (1) on September 4, 1992, the “first DWI,” and (2) on October 29,
1992, the “second DWI.”  At trial, the
State attempted to prove appellant’s first DWI conviction by introducing into
evidence an order revoking community supervision and a judgment for that
offense.  Appellant objected to the
introduction of the revocation order and judgment for the first DWI conviction
on the ground that these documents failed to show a “valid waiver of the right
to trial by jury.”  The trial court
overruled appellant’s objections to these documents and admitted them into
evidence.  Following the conclusion of
the State’s case, appellant filed a motion for directed verdict in which
appellant again asserted that the State had failed to prove that the first DWI conviction
was “obtained with a proper waiver of a trial by jury.”  Appellant argued that the first DWI conviction
was “invalid” or “void” and could not be used to enhance his current DWI offense
to a felony.  

The trial court then examined the
file, which was produced by the district clerk at appellant’s request, from the
first DWI conviction.  Appellant
introduced the testimony of a district clerk employee who testified that, to
the best of her knowledge, the file from the first DWI conviction consisted of
the “entire file.”  However, the district
clerk conceded that a transcript was not included within her file.  The trial court denied appellant’s
motion.  

Following the trial, appellant
filed a motion for new trial, reasserting his argument that his first DWI
conviction was void because he was not warned of his constitutional right to
have a trial by jury.  Appellant
introduced into evidence a certified copy of the “entire file” from the
district clerk’s office as well as a copy of the “entire file” maintained by
this Court in appellant’s appeal of his first DWI conviction.  Neither file contained a reporter’s record of
this proceeding.  Appellant and the State
also introduced into evidence a “stipulation of evidence,” which provided that
the official court reporter for the convicting court in the first DWI
conviction and the court reporter during the proceedings for the first DWI
conviction did not have personal recollection of the proceedings and did not
have any documents, notes, or transcripts from that case.  Appellant stated that it was his
understanding that there was a hearing “on the record” in the first DWI case
and this record had been destroyed due to record retention policies.

The State then introduced into
evidence the testimony of Carolyn Allen, the chief prosecutor in the trial
court in which appellant’s first DWI conviction was obtained, and she testified
that it was the trial judge’s “habit” to “always” admonish defendants regarding
their right to a jury trial.  However, Allen
agreed that she had no personal recollection of appellant’s first DWI
conviction.  Donna Ramos, the trial court
coordinator of the trial court in which appellant’s first DWI conviction was
obtained, offered similar testimony. 
Ramos further stated that the trial judge would “normally” have put the
admonishment on the court reporter’s record and the trial judge never deviated
from his habit to orally admonish a defendant about his right to a jury
trial.  Ramos stated that it was her
understanding that the court reporter’s record from the first DWI conviction was
no longer available due to a three-year document retention policy.  The trial court denied appellant’s new-trial
motion.

Collateral Attack

In his
sole point of error, appellant argues that the trial court erred in admitting
evidence pertaining to his first DWI conviction because it was “void for lack
of proof of waiver of the right to trial by jury.”  Appellant further argues that because there is
no waiver of a jury trial shown on the face of the judgment or any of the
papers in the clerk’s file, it was improper for the trial court to use his
first DWI conviction for enhancement purposes to elevate his current DWI offense
to a felony DWI offense.

A defendant
who elects to waive his right to a trial by jury must make such a waiver “in
writing in open court with the consent and approval of the court, and the
attorney representing the State.”  Tex. Code Crim. Proc. Ann. art. 1.13(a)
(Vernon Supp. 2010).  Moreover, the trial
court’s consent and approval shall be “entered of record on the minutes of the
court, and the consent and approval of the attorney representing the State
shall be in writing, signed by him, and filed in the papers of the cause before
the defendant enters his plea.”  Id. 


In the
context of a direct appeal from a conviction, waiver of trial by jury cannot be
presumed from a silent record.   Samudio
v. State, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983).  However, in the context of a collateral attack[2]
of a conviction that is brought based upon no evidence of a waiver of a jury
trial, “the burden is on the party attacking the validity of a conviction” to
show that the entire record is silent as to jury waiver.  West v.
State, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986); see also Tate v. State, 120 S.W.3d 886, 890 (Tex. App.—Fort Worth 2003,
no pet.); Bruce v. State, 744 S.W.2d
618, 619 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d).

Here, the
judgment from the first DWI conviction does not reflect that appellant waived
his right to a jury.  Additionally, the
file produced by the district clerk’s office does not contain a copy of any
written jury waiver.  However, it is
undisputed that appellant did not present to the trial court the reporter’s
record or any documents, notes, or exhibits that would have accompanied the
reporter’s record.   Although the record reveals
that documents from appellant’s first DWI conviction in 1992 would most likely
have been destroyed in the ordinary course of record-retention policies, the
fact remains that appellant failed to present the “entire record” to the trial
court to show that it was silent as to the jury waiver.  See
Alvear v. State, 25 S.W.3d 241, 245 (Tex. App.—San Antonio 2000, no pet.) (“It
is unreasonable to presume from the unavailability of a reporter’s record that
a defendant was not advised of his rights, rendering his plea involuntary.”).  Because appellant did not produce the “entire
record,” he did not demonstrate that his first DWI conviction was void and,
thus, his collateral attack fails.  Accordingly,
we hold that the trial court did not err in admitting evidence pertaining to
appellant’s first DWI conviction.[3]

Conclusion

          We affirm
the judgment of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.  Tex. R. App. P. 47.2(b).

 











[1]
          See Tex. Penal Code Ann.
§ 49.04(a) (Vernon 2003), § 49.09(b)(2) (Vernon Supp. 2010).  The offense of driving while intoxicated
(being intoxicated while operating a motor vehicle in a public place) (“DWI”)
is ordinarily a Class B misdemeanor, see
id. § 49.04(b), but it is elevated to “a felony of the third degree if it
is shown on the trial of the offense that the person has previously been
convicted . . . two times of any other offense relating to the operating of a
motor vehicle while intoxicated.” See id.
 § 49.09(b)(2).  

 





[2]
          An alleged prior conviction used
for enhancement may be collaterally attacked by demonstrating that the
conviction was void. Galloway v. State,
578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979).





[3]
          Neither party discusses in any
significant detail whether the requisite written waiver could have appeared as
a document in the reporter’s record as opposed to the district clerk’s
file.  However, even if the record before
us demonstrates that there was no written waiver executed pursuant to article
1.13, appellant, even in the context of a direct appeal, would not necessarily
have been entitled to relief.  This is
because, when a trial court fails to adhere to the requirements of article
1.13, Texas courts consider whether an appellant’s substantial rights were
affected by the trial court’s failure.   Johnson v. State, 72 S.W.3d 346, 347
(Tex. Crim. App. 2002) (concluding that lack of written jury waiver is not
harmful when record reflects that the defendant waived his right to jury trial);
see also Lopez v. State, 71 S.W.3d 511, 515 (Tex. App.—Fort Worth 2002, no
pet.).