**Ex parte Tommy D. TWYMAN.**

**No. 811–85.**

Court of Criminal Appeals of Texas, En Banc.

May 21, 1986.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Karrie Key, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This case follows from an application for a writ of habeas corpus, which was filed pursuant to Articles 11.08 and 11.23, V.A.C.C.P.

Appellant, after being charged with the felony offense of criminal mischief, was found guilty by a jury of said offense and was sentenced to 10 years' confinement in the Texas Department of Corrections, probated for a period of 10 years and a fine in the amount of $1,000.00. Appellant exhausted his right to appeal from that probated sentence. *Twyman v. State*, unpublished (No. 01–81–04350, Tex.App. 1st Dist., August 31, 1982); Petition for Discretionary Review refused on February 16, 1983. On September 30, 1983, appellant filed his first writ of habeas corpus in the 209th District Court of Harris County. In that first writ, appellant cited Article 11.07, V.A.C.C.P., as authority for the granting of the relief which he requested. On November 11, 1983, the 209th District Court recommended that the relief requested by the appellant be denied. On March 14, 1984, this Court denied the appellant's application without a written order on the findings of the trial court without a hearing. Ex

parte Twyman, unpublished (Writ No. 13,-440).

Later, on December 28, 1984, the appellant filed a second application for writ of habeas corpus in the 209th District Court, again challenging the validity of his conviction which resulted in his probation. That court conducted a hearing on this second application. The trial court denied relief and appellant gave notice of appeal in a timely manner. The First Court of Appeals dismissed the appeal for want of jurisdiction. Appellant petitioned this Court to determine whether the Court of Appeals had jurisdiction to review the merits of his allegations. *Ex parte Twyman*, unpublished (No. 01–85–0138–CR, Houston, May 30, 1985). We granted review on that ground.

 We agree with the appellant that the Court of Appeals had appellate jurisdiction in the instant case.

Because appellant had been granted probation, his conviction was not final. *Ex parte Payne*, 618 S.W.2d 380 (Tex.Cr.App. 1981). In this position, appellant had a remedy available to him through habeas relief under Articles 11.05, 11.08, and 11.23, V.A.C.C.P. Appellant was entitled to challenge any unlawful restraint in the trial court where he was convicted. *Ex parte Powell*, 558 S.W.2d 480 (Tex.Cr.App.1977); *Ex parte Ormsby*, 676 S.W.2d 130 (Tex.Cr. App.1984); Article V, Sec. 8, Vernon's Ann. Tex.Const.

If a trial court denied habeas relief to an applicant after hearing, the applicant's appropriate remedy would be to take an appeal from this denial to the Court of Appeals. *Ex parte Payne*, supra, note 5, at 382, Articles 44.34 and 44.36, V.A.C.C.P. In the instant case, the Court of Appeals erred by refusing to review the merits of the appellant's allegations because it lacked jurisdiction.

 However, we note that both of appellant's applications for a writ of habeas corpus raised the same issues to justify the relief he requested.[1] The only distinction

---

1. The petitioner raised three issues in his writ.

First, whether the prosecuting attorney's asser-

between the two applications is that the second application requested relief based on Article 11.08, V.A.C.C.P. This, alone, does not negate the fact that this Court has considered appellant's allegations, found no merit in them, and rejected them.

We find that the Court of Appeals had jurisdiction to hear the allegations in appellant's second application for writ of habeas corpus. But we have previously decided that the trial court correctly denied the relief requested by appellant. Therefore, we deny relief.

tion during the trial that the State would connect the burglar tools found in the petitioner's automobile to other criminal acts similar to the offense for which he was being tried, denied the petitioner a fair and impartial trial. Second, whether the trial court's admission of extraneous offenses into evidence, without first requiring the State to prove a factual basis tending to

In his post-conviction application for writ of habeas corpus applicant alleged he was convicted of aggravated robbery upon his connect the petitioner to the extraneous offenses, denied the petitioner a fair and impartial trial. Third, whether the State's introduction into evidence of extraneous offenses for which petitioner was never arrested or charged or which resulted in an acquittal, denied the petitioner a fair and impartial trial.