IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,352-01






EX PARTE KELLY JAMES MCCARTY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30842 IN THE 33RD DISTRICT COURT


FROM BURNET COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
indecency with a child. In Count I, he was sentenced to five years' imprisonment, and in Count III,
he was placed on community supervision for ten years. His appeal was dismissed for lack of
jurisdiction. McCarty v. State, No. 03-09-00378-CR (Tex. App.-Austin 2009, no pet.). 

 Applicant contends that he was denied his right to an appeal. On September 15, 2010, we
remanded this application and directed the trial court to order trial counsel, Richard Davis, to
respond to Applicant's claim. We also directed the trial court to make findings of fact "as to whether
Applicant expressed a desire to appeal his conviction and sentence in Count I" and, if so, "whether
trial counsel failed to file a timely notice of appeal." On remand, the trial court recommended that
we grant Applicant an out-of-time appeal. The trial court, however, did not make the findings we 
requested. Nor did Davis's affidavit respond to Applicant's claim. Accordingly, the trial court shall
order Davis to file a second response to Applicant's claim. The trial court shall also order John
Butler to respond to Applicant's claim. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant expressed a desire to
appeal his conviction and sentence in Count I. (1) If so, the trial court shall make findings of fact as why
a timely notice of appeal was not filed. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 16, 2011

Do not publish

1. Because Applicant's conviction in Count III is not final, we do not have jurisdiction to
determine whether he was denied his right to an appeal. Tex. Code Crim. Proc. art. 11.07, §
3(a); Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986).