

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,607

### EX PARTE KELLY JAMES MCCARTY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 30842 IN THE 33RD JUDICIAL DISTRICT COURT
### FROM BURNET COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of indecency with a child. In Count I, he was sentenced to five years' imprisonment, and in Count III, he was placed on community supervision for ten years. His appeal was dismissed for lack of jurisdiction. *McCarty v. State*, No. 03-09-00378-CR (Tex. App.–Austin July 22, 2009, no pet.).

Applicant contends that he was denied his right to appeal. We remanded this application to the trial court for findings of fact and conclusions of law. The trial court has determined that

appellate counsel failed to timely file a notice of appeal. We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Count I in cause number 30842 from the 33rd Judicial District Court of Burnet County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's out-of-time appeal claim as to Count III is dismissed. TEX. CODE CRIM. PROC. art. 11.07, § 3(a); *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986).

Delivered: August 24, 2011
Do Not Publish