Opinion issued
March 8, 2012.



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-12-00112-CR

———————————

EX PARTE CARLTON PENRIGHT, Applicant



 



 

Original Proceeding on Application
for Writ of Habeas Corpus



 



 

 

and

————————————

NO. 01-12-00119-CR

———————————

in re CARLTON PENRIGHT, Relator



 



 

Original Proceeding on
Petition for Writ of Mandamus



 



 

 

MEMORANDUM
OPINION

 

          Carlton
Penrighthas filed a pro se application for writ of habeas corpus and petition
for writ of mandamus.[1]In both proceedings,
Penright asserts that his right to a speedy trial has been violated.  In the habeas proceeding, Penright asks for a
“dismissal with prejudice.”  In the
mandamus proceeding, Penright requests an order compelling the trial court to proceed
with trial immediately.  For the reasons
explained below, we dismiss the application for writ of habeas corpus for lack
of jurisdiction and deny mandamus relief.

          In his
application for writ of habeas corpus, Penright asserts that he was arrested
for the felony offense of aggravated sexual assault with a deadly weapon[2] over two years ago, on
January 13, 2010.He also states that he and his attorney “have been ready for
trial since day one” and have not requested any continuances or otherwise
waived his right to a speedy trial. 
However, in his petition for writ of mandamus, Penright states that “the
State prosecutor(s) and the court appointed Attorney have continued to delay
prosecution” in this case.Penright has not included any other facts or a record
to show the matters which he has made the subject of these proceedings.

          This court
has jurisdiction to issue a writ of habeas corpus in civil cases.  Tex.
Gov’t Code Ann. § 22.221(d) (West 2004); cf. Tex. Code Crim. Proc. Ann. art. 11.05 (West
2005) (listing Court of Criminal Appeals, district courts, and county courts
but not courts of appeals as courts having power to issue writs of habeas
corpus).  A defendant in a criminal case
in which there has been no final conviction must first apply for habeas relief from
the same court in which the defendantwas indicted.Tex. Code Crim. Proc. Ann. art.11.08 (West 2005).If the trial
court had denied habeas relief to Penright after a hearing, this court would
have jurisdiction over the appeal from that denial.  See Rodriguez v. Court of Appeals, 769 S.W.2d 554, 557
(Tex.Crim.App.1989); Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim.
App. 1986).But, we lack jurisdiction over this attempt to seek pre-conviction
habeas relief directly from this court.  In
re Lozano, No. 14-12-00049-CR, 2012 WL 274076, at *1 (Tex. App.—Houston
[14th Dist.] Jan. 31, 2012, orig. proceeding) (citingAter v. Eighth Court of
Appeals, 802 S.W.2d 241,
243 (Tex.Crim.App.1991)).  We therefore
dismiss Penright’s application for a writ of habeas corpus for want of
jurisdiction.

          Concerning Penright’s
request for mandamus relief, a relator in a mandamus proceeding must show that
(1) he has no adequate remedy at law and (2) what he seeks to compel is a
ministerial act, not involving a discretionary or judicial decision.Lozano,
2012 WL 274076, at *1 (citingState ex rel. Young v. Sixth Judicial Dist.
Court of Appeals, 236
S.W.3d 207, 210 (Tex.Crim.App.2007) (orig.proceeding)).“Consideration of a
request or motion that is properly filed and before the court is a ministerial
act.”Id. citing (State ex rel.
Curry v. Gray, 726 S.W.2d
125, 128 (Tex.Crim.App.1987) (orig.proceeding)). To receive mandamus relief, a relator
must show that“the trial court received, was aware of, and asked to rule on the
motion.”  Id. (citing In re Villarreal, 96 S.W.3d 708, 710 (Tex.App.—Amarillo
2003, orig. proceeding)).  Because
Penright does not show that the trial court received any request for a trial
setting (or other request for relief from the asserted speedy trial violation) or
was asked to rule on any such request, we must deny the petition for writ of
mandamus.  See id. (denying requested mandamus relief based on speedy trial
violation where nothing showed trial court had been made aware of or asked to
rule on request for trial).

          We dismiss
Penright’s application for a writ of habeas corpus and deny the petition for
writ of mandamus.  All pending motions
filed in connection with these original proceedings are denied. 

PER CURIAM

Panel consists of Justices Jennings, Massengale, and
Huddle.

Do not publish. 
Tex. R. App. P. 47.2(b).











[1]           Penright identifies the underlying
proceedings as The State of Texas v.
Carlton Penright, No. 1247950, 174th District Court, Harris County, Texas.

 





[2]           SeeTex. Penal Code Ann. § 22.021 (West
Supp. 2011).