ACCEPTED
03-14-00575-CR
3993427
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/3/2015 2:08:30 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00575-CR**

IN THE COURT OF APPEALS

THIRD DISTRICT OF TEXAS

SITTING IN AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/3/2015 2:08:30 AM
JEFFREY D. KYLE
Clerk

_____

KELLY JAMES MCCARTY

Appellant

VS.

THE STATE OF TEXAS

The State

_____

Appealed from the 33rd Judicial District Court

Of Burnet County, Texas

_____

**APPELLANT'S REPLY BRIEF**

_____

KELLY JAMES MCCARTY
Pro Se Appellant
114 Oakleaf Dr.
San Antonio TX 78209
(210) 275-1875 phone
kjmcc09@gmail.com email

1

## IDENTITY OF PARTIES & COUNSEL

Pursuant to the provisions of Rule 38.1(a), Texas Rules of Appellate Procedure, a complete list of the names of all parties to this action and counsel are as follows:

Parties:             Kelly James McCarty, Appellant

State of Texas, Appellee

Appellant is representing himself.


Appellant was represented at trial by:

Richard Davis
Texas Bar No. 05547100
P. O. Box 398
Burnet, Texas 78611
Tel. (512) 556-8970
Fax (512) 556-8975

Appellee was represented at trial by:

Mr. Sam Oatman
District Attorney for Burnet County
33rd Judicial District
P. O. Box 725
Llano, Texas 78643

Appellee is currently represented by:

Gary W. Bunyard
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
Tel. (325) 247-5755
Fax (325) 247-5274

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL – pg. 2

INDEX OF AUTHORITIES – pg. 4

ISSUES PRESENTED – pg. 6

SUMMARY OF FACTS – pg. 6

SUMMARY OF THE ARGUMENT – pg. 7

ARGUMENT – pg. 7

**Issue One**: **APPELLANT IS CHALLENGING THE LEGAL VALIDITY OF HIS CONVICTION ON COUNT THREE THROUGH THIS WRIT OF HABEAS CORPUS AND IS ENTITLED TO RELIEF IN THE FORM OF AN OUT OF TIME APPEAL, WHICH IS A FORM OF RELIEF AUTHORIZED UNDER ARTICLE 11.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.**
 – pg. 7

PRAYER – pg. 15

CERTIFICATE OF SERVICE – pg. 16

CERTIFICATE OF COMPLAINCE – pg. 17

APPENDIX I – pg. 18

# INDEX OF AUTHORITIES

## <u>CASES</u>

Allen v. Hardy
    478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) – pg. 9

Cheek v. State
    No. 03-08-00540-CR (Tex. App. –Austin 2008, not published) – pg. 13

Evitts v. Lucey
    469 U.S. 387, 396, 105 S. Ct. 830, 836 (1985) – pgs. 9, 11, 14

Ex Parte Kelly James McCarty
    No. AP-76,607 (Tex. Crim. App. 2011, not published) – pgs. 8, 14

Ex parte Parodi
    No. PD-1740-11 (Tex. Crim. App. 2012, not published) – pg. 12

Ex parte Twyman
    716 S.W.2d 951 (Tex. Crim. App., 1986) – pg. 8

Ex Parte Villanueva
    252 S.W.3d 391 (Tex. Crim. App 2008) – pgs. 13, 14

Taiwo v. State
    No. 01-07-00487-CR (Tex. App. – Houston 2010, not published) – pg. 12

State v. Burnett
    No. 05-13-00247-CR (Tex. App. - Dallas 2013, not published) – pg. 12

## STATUTES

Texas Code of Criminal Procedure
     Article 11.072 – pgs. 9, 11, 12, 13, 14

Texas Code of Criminal Procedure
     Article 44.02 (c) – pg. 9

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

NOW COMES, Kelly James McCarty, Appellant in this cause, and files this reply to Appellee's brief.

## ISSUES PRESENTED

**Response to Appellee's Issue One: APPELLANT IS CHALLENGING THE LEGAL VALIDITY OF HIS CONVICTION ON COUNT THREE THROUGH THIS WRIT OF HABEAS CORPUS AND IS ENTITLED TO RELIEF IN THE FORM OF AN OUT OF TIME APPEAL, WHICH IS A FORM OF RELIEF AUTHORIZED UNDER ARTICLE 11.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.**

## SUMMARY OF FACTS

The first paragraph of Appellee's Statement of the Facts is comprised of inaccurate statements regarding the facts of this case. The record he cites is not before this Court. As such, his statements must be disregarded as unsubstantiated.

**SUMMARY OF THE ARGUMENT**

Since Appellant's conviction on count three was able to become final only through the violation of his Sixth and Fourteenth Amendment Constitutional rights, he is challenging the validity of that conviction when he seeks relief in the form of an out of time appeal through this writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure.

**ARGUMENT**

**ISSUE ONE**: APPELLANT IS CHALLENGING THE LEGAL VALIDITY OF HIS CONVICTION ON COUNT THREE THROUGH THIS WRIT OF HABEAS CORPUS AND IS ENTITLED TO RELIEF IN THE FORM OF AN OUT OF TIME APPEAL, WHICH IS A FORM OF RELIEF AUTHORIZED UNDER ARTICLE 11.072 OF THE TEXAS CODE OF CRIMINAL PROCEDURE.

This entire case turns on the question of whether or not Appellant is challenging the validity of his conviction on count three when he asserts that he was denied his Sixth Amendment right to effective assistance of counsel on appeal and his Fourteenth Amendment right to due process. Appellant is challenging the validity of the conviction because the conviction was only able to become final through the violation of Appellant's Sixth and Fourteenth Amendment rights.

Appellant will briefly review several important facts that are pertinent to this case that are not being disputed by the Appellee. To begin with, no one is disputing the fact that the conviction that is the subject of this writ of habeas

corpus has never been appealed. Nor is anyone disputing the fact that the Appellant Kelly McCarty desired to appeal this conviction in a timely fashion but was prevented from doing so when his court appointed appellate attorney, John Butler, failed to file a timely notice of appeal. This fact was ascertained when the Trial Court conducted a hearing to determine findings of fact in regard to *Ex parte Kelly James McCarty (No. AP-76,607 Tex. Crim. App. 2011, not published)*. A transcript of the hearing can be found in Appendix I of this brief. This Court also recognized that John Butler, the Appellant's original appellate attorney, failed to file a timely notice of appeal in the opinion issued in *Ex parte McCarty, Id*. A copy of this opinion is attached in Appellee's brief under Appendix VI. Following the dismissal of Appellant's claim as to count three in *Ex parte McCarty, Id*., no further action was taken in regard to count three until this writ of habeas corpus was filed with the Trial Court. All proceedings conducted regarding count one, including the out of time appeal that was granted and is referenced in Appendix VII of Appellee's brief, have no bearing on this case because the Court of Appeals did not have jurisdiction over count three until notice of appeal was filed for this writ of habeas corpus. See *Ex parte McCarty, Id*. and *Ex parte Twyman, 716 S.W.2d 951 (Tex. Crim. App., 1986)*. Having established that this is the first time the Court of Appeals has jurisdiction for the conviction on count three and that the Appellant's original appellate attorney failed to provide effective assistance by missing the deadline to file a timely notice of appeal for count three, Appellant can address the issues raised in Appellee's brief.

Appellee argues that since the only relief sought by Appellant is an out of time appeal, Appellant is not challenging the validity of his conviction. Appellee also asserts that the relief being sought (the out of time appeal) is not authorized

under art. 11.072 of the Texas Code of Criminal Procedure. However, Appellee does not reference any law, case law, or statute that expressly states that an out of time appeal is not authorized under art. 11.072 of the Texas Code of Criminal Procedure. As such, it is necessary to evaluate his arguments further.

In this case it is necessary to define what constitutes a final conviction. This was done by the US Supreme Court in *Allen v. Hardy, 478 U.S. 255, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986)* when they stated, "By final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed." The fact that a conviction is not considered final until all appeals have been resolved is reflected in article 44.04 (c) of the Texas Code of Criminal Procedure where it states, "The court may impose reasonable conditions on bail pending the finality of his conviction." As such, John Butler's ineffective assistance as appellate counsel occurred before the conviction became final, and the conviction became final as a direct result of his inaction.

It is also important to determine whether a conviction can be deemed valid if it became final without being subjected to direct appeal as a result of the ineffective assistance of appellate counsel. The answer is no. The following is an excerpt from the summary of *Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985)*.

After respondent was convicted of a drug offense in a Kentucky state court, his retained counsel filed a timely notice of appeal to the Kentucky Court of Appeals. But because counsel failed to file the statement of appeal required by a Kentucky Rule of Appellate Procedure when he filed his brief and record on appeal, the Court of Appeals dismissed the appeal and later

denied a motion for reconsideration. The Kentucky Supreme Court affirmed, and the trial court denied a motion to vacate the conviction or grant a belated appeal. The respondent then sought habeas corpus relief in Federal District Court, challenging the dismissal of his appeal on the ground that it deprived him of the right to effective assistance of counsel on appeal guaranteed by the Due Process Clause of the Fourteenth Amendment. The District Court granted a conditional writ of habeas corpus, ordering respondent's release unless the Commonwealth either reinstated his appeal or retried him. The United States Court of Appeals affirmed.

Held: The Due Process Clause of the Fourteenth Amendment guarantees a criminal defendant the effective assistance of counsel on his first appeal as of right. Pp. 391-405.

(a) Nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all. A first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney. The promise of *Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811*, that a criminal defendant has a right to counsel on his first appeal as of right—like the promise *of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799*, that a criminal defendant has a right to counsel at trial—would be a futile gesture unless it comprehended the right to effective assistance of counsel. Pp. 391-400.

10

(b) When a State opts to act in a field where its action has significant discretionary elements, such as where it establishes a system of appeals as of right although not required to do so, it must nonetheless act in accord with the dictates of the Constitution, and, in particular, in accord with the Due Process Clause. P. 400-401.

The situation outlined in *Evitts v. Lucey, Id.*, is very similar to the one which is the subject of this writ of habeas corpus. In both instances an individual was deprived of his right to due process as a direct result of his attorney failing to file the proper paperwork in time. The only two courses of action deemed acceptable by the US Supreme Court in a situation like this are to reinstate an appeal (which in Texas can be done through the granting of an out of time appeal), or overturn the conviction and retry the defendant. *Evitts v. Lucey, Id.* Either form of relief is acceptable to Appellant.

Appellant would draw the Court's attention to the final paragraph of page 10 of the Appellee's brief. In this paragraph the Appellee lists what he would consider to be challenges to the legal validity of a conviction. In this list he includes "ineffective assistance of counsel at trial" and cites *Ex parte Enriquez, 227 S.W. 3d 779 (Tex. App. – El Paso 2005, pet. ref'd)* as the authority for his statement. Having read *Ex parte Enriquez, Id.*, Appellant was unable to find any reference in the Court's opinion that indicated the Court made any rulings regarding "ineffective assistance of counsel at trial." More importantly, the case does not in any way restrict ineffective assistance of counsel claims under art. 11.072 to only those involving trial counsel. As was made clear in *Evitts v. Lucey,*

*infra.*, the right to effective assistance of counsel includes both trial and appellate counsel.

Having established that Appellant is indeed challenging his conviction through this writ, he can now address the question of whether or not relief in the form of an out of time appeal is authorized under art. 11.072 of the Texas Code of Criminal Procedure. As was pointed out previously, Appellee offers no authority that expressly prohibits relief in the form of an out of time appeal under art. 11.072. However, there are numerous cases in which out of time appeals have been granted. In *Taiwo v. State, No. 01-07-00487-CR (Tex. App. – Houston 2010, not published)*, the Court of Appeals addresses an out of time appeal that was granted by a trial court in response to an art. 11.072 writ of habeas corpus. *In Ex parte Parodi, No. PD-1740-11 (Tex. Crim. App. 2012, not published)*, the Court of Criminal Appeals recognized that the appropriate remedy to correct a due process violation that leads to the deprivation of a defendant's right to attack his conviction is to file a writ of habeas corpus under art. 11.072 seeking an out of time appeal. The Court has also remanded cases back to trial courts when the trial courts have overturned convictions challenged under art. 11.072 when the situation could have been remedied by granting an out of time appeal. In *State v. Burnett, No. 05-13-00247-CR (Tex. App. - Dallas 2013, not published)*, the State of Texas appealed a trial court's ruling to overturn Ross Martin Burnett's judgment of conviction for consumption of alcohol by a minor. In their opinion, the Fifth District Court of Appeals reversed the lower court's ruling, stating that the lower court granted the appellee more relief than was necessary to preserve his rites since an out of time appeal would have been sufficient to remedy the situation.

Appellant would show that the Third Court of Appeals in Austin has dictated that the appropriate relief in situations like the one at hand is an out of time appeal. The following excerpt is from *Cheek v. State, No. 03-08-00540-CR (Tex. App. –Austin 2008, not published)*:

> Christopher Cheek seeks to appeal his conviction for driving while license suspended. Sentence was suspended on June 10, 2008, but the notice of appeal was not filed until August 13, 2008. See Tex. R. App. P. 26.2(a)(1). In the notice of appeal, Cheek's counsel acknowledges that the notice was not timely, but urges that "[t]he plan was to file a notice, but trial counsel became very sick and pre-occupied" with other matters.

> When a notice of appeal is untimely, we lack jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for want of jurisdiction. See *Slaton v. State, 981 S.W.2d 208 (Tex. Crim. App. 1998)*; *Olivo v. State, 918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996)*. Cheek may be entitled to an out-of-time appeal under the circumstances, but he must seek it by means of a post-conviction habeas corpus petition. See Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005).

The circumstances of *Cheek v. State, Id*., are almost identical to the ones that are the subject of this writ.

The Third Court of Appeals ruling in *Cheek, Id.* is also consistent with the Court of Criminal Appeals ruling in *Ex Parte Villanueva, 252 S.W.3d 391 (Tex. Crim. App 2008)*. In *Villanueva, Id*, the Court of Criminal Appeals stated, "By enacting Article 11.072, it is clear that the Legislature intended Article 11.072 to provide the exclusive means by which the district courts may exercise their original

habeas jurisdiction under Article V, Section 8 of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision." To hold that the issue presented through this writ must be pursued under any article other that 11.072 of the Texas Code of Criminal Procedure would contradict *Villanueva, Id*. Also, given the Court of Criminal Appeals ruling in *Villanueva, Id.*, to hold that Appellant is not entitled to relief under article 11.072 would contradict *Evitts v. Lucey, infra.*

Appellant also requests that the Court not remand this case back to the Trial Court for additional findings of fact and conclusions of law. All of the facts pertinent to this case have already been determined by the Trial Court in response to *Ex parte McCarty, infra.*, and are contained in the cumulative appendices of Appellant's and Appellee's briefs. Given that Appellant's community supervision will be suspended upon the undertaking of an out of time appeal, additional delays will cause unnecessary confusion and uncertainty for Appellant, the community supervision officers overseeing his case, and the treatment providers overseeing his counseling.

In conclusion, Appellant has shown that his application for a writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure does constitute a challenge to the legal validity of his conviction on count three, that relief in the form of an out of time appeal is authorized under art. 11.072, and that he is entitled to relief.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays that he be granted an out-of-time appeal in the above entitled and numbered cause, or that his conviction be reversed and the case be remanded to the Trial Court for a new trial.

Respectfully Submitted,

/s/ Kelly James McCarty

Pro Se Appellant
114 Oakleaf Dr.
San Antonio TX 78209
Tel: (210) 275-1875

## CERTIFICATE OF SERVICE

I certify that on February 3, 2015, a copy of Appellant's Brief was served on Appellee, The State of Texas, through counsel of record, as listed below, via eServe.

Gary W. Bunyard
Assistant District Attorney
P. O. Box 725
Llano, Texas 78643
Tel. (325) 247-5755
Fax (325) 247-5274


Signed Electronically,

/s/ Kelly James McCarty

CERTIFICATE OF COMPLIANCE

I certify that on February 3, 2015, the length of this document is 2,249 words excluding the words contained in the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix.


Signed Electronically,

/s/ Kelly James McCarty

# APPENDIX I

REPORTER'S RECORD
VOLUME 1 of 1 VOLUMES
CAUSE NO. 30842
COURT OF APPEALS NO. _____

STATE OF TEXAS                    * IN THE DISTRICT COURT
                                  *
VS.                               * BURNET COUNTY, TEXAS
                                  *
KELLY JAMES MCCARTY               * 33RD JUDICIAL DISTRICT

HEARING ON APPLICATION FOR WRIT OF HABEAS CORPUS

On the 27th day of April, 2011, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Guilford L. Jones, Judge Presiding, held in Burnet, Burnet County, Texas.

Proceedings reported by computerized stenotype machine.

**ORIGINAL**

STEPHANIE A. LARSEN, CSR, RPR

APPEARANCES

RANDY SCOTT ORTEGA
SBOT No. 24052982
33rd Judicial District Attorney's Office
P.O. Box 725
Llano, Texas  78643
(325)247-5755
Attorney for State


SUSAN MARIE MILLER
SBOT No. 14134250
P.O. Box 869
Kingsland, Texas  78639
(956)497-1169
Attorney for Defendant

STEPHANIE A. LARSEN, CSR, RPR

151

CHRONOLOGICAL INDEX

Hearing on Application for Writ of Habeau Corpus
4/27/11
Volume 1

DEFENDANT'S DIRECT EVIDENCE

| WITNESS | Direct | Cross | VD | Vol |
|---|---|---|---|---|
| McCarty, Kelly James....... | 6 | -- | -- | 1 |
| Butler, John S............. | 8 | -- | -- | 1 |

| | Page | Vol |
|---|---|---|
| Court's Ruling................................ | 9 | 1 |
| Proceedings Concluded........................ | 10 | 1 |
| Court Reporter's Certificate.................. | 11 | 1 |

STEPHANIE A. LARSEN, CSR, RPR

152

## ALPHABETICAL WITNESS INDEX

| WITNESS | Direct | Cross | VD | Vol |
|---|---|---|---|---|
| Butler, John S............. | 8 | -- | -- | 1 |
| McCarty, Kelly James....... | 6 | -- | -- | 1 |

STEPHANIE A. LARSEN, CSR, RPR

153

| | DEFENDANT'S EXHIBITS | | | | |
|---|---|---|---|---|---|
| Number | Description | | Ofd | Adm | Vol |
| 1 | Documents | | 6 | 6 | 1 |

STEPHANIE A. LARSEN, CSR, RPR

154

(Open court, defendant present)

(At the bench, on the record)

THE COURT: This is Cause No. 30842. Let the record reflect that Mr. McCarty is here with his court-appointed attorney, Ms. Miller, and Mr. Butler is also here along the State's attorney.

Mr. McCarty, I think first of all counsel is going to have a few questions of you. If you'll raise your right hand as best you can.

(Witness sworn)

MS. MILLER: Yes, Your Honor. Susan Miller. I represent Mr. McCarty for this hearing only. I would like to introduce into evidence Exhibit No. 1 which is a certified copy of a document that all sides have seen that.

MR. ORTEGA: No objection.

THE COURT: It's admitted.

MS. MILLER: Thanks, Judge.

Next I would like to ask Mr. McCarty a few questions.

THE COURT: Go right ahead.

KELLY JAMES MCCARTY,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

Q    Your name is Kelly McCarty?

A    Yes, ma'am.

Q    And you're the same Kelly McCarty that was convicted

STEPHANIE A. LARSEN, CSR, RPR

155

in this case in a criminal matter?

A    Yes, ma'am.

Q    Okay.  And you're a prisoner at this time; is that right?

A    Yes, ma'am.

Q    And you're telling the judge you're here because you want to file an appeal; is that correct?

A    Yes, ma'am.

Q    And that's the only reason why we're here today as to whether you're going to file the appeal.  Yes or no?  Your request, your asking to file an appeal?

A    Yes, ma'am.

Q    That's it.  Yes, you still want to file the appeal?

A    Yes, ma'am.

MS. MILLER:  Okay.  That's all of the questions I have of Mr. McCarty.

MR. ORTEGA:  The State has no questions.

THE COURT:  All right.

MS. MILLER:  I'd like to ask Mr. Butler some questions.

THE COURT:  All right.  I'll waive the oath for counsel.

STEPHANIE A. LARSEN, CSR, RPR

156

JOHN S. BUTLER,

the oath having been waived, testified as follows:

DIRECT EXAMINATION

BY MS. MILLER:

Q  You're Mr. Butler in this case?

A  Yes, I am.

Q  And you were the attorney that was appointed for the appeal?

A  Yes.  I was first appointed in April of 2009 to represent him on appeal.

Q  Okay.  And what happened?

A  I was simultaneously appointed to represent him and another defendant on appeal, Mr. Steven Schullenburg (phonetic), whose case had been decided just a few days after Mr. McCarty's.  When calendaring my deadlines for the notice of appeal, I submitted a notice of appeal which happened to be timely for Mr. Schullenburg but was by my calculation two or three days late for Mr. McCarty; therefore, the court of appeals sent it back lack of jurisdiction for filing late notice of appeal.  Which is my fault because I had used a deadline from the other case rather than Mr. McCarty's case.

Q  So you just missed the deadline and it was an accident?

A  It was an accident.  I had mistaken the deadline for the deadline of another client.

STEPHANIE A. LARSEN, CSR, RPR

157

MS. MILLER: That's all I have, Judge.

MR. ORTEGA: The State has no evidence.

RULING BY THE COURT

THE COURT: All right. Based upon those testimonies and the affidavit of Mr. Davis, the Court finds that the Defendant intended to perfect an appeal; that there was an attempt to do so by counsel but due to inadvertent entirely unintentional error that did not happen; and therefore the defendant ought to be allowed an out-of-time appeal and that would be the Court's recommendation to the appellate court.

Thank you-all. I think that's all we need.

MS. MILLER: Judge, am I released from this case?

THE COURT: You are released.

MS. MILLER: Mr. McCarty, you're happy with everything I've done with you; is that right?

THE DEFENDANT: Yes.

MS. MILLER: Thank you, Judge.

THE COURT: And you understand that Ms. Webb is your appellate attorney at this point?

THE DEFENDANT: I do now. I was a bit confused about that, Your Honor.

THE COURT: Well, I can imagine how you were but that is the case and I'll make sure she's apprised of the hearing today. I will be sending an order up to the appellate court and expect them to issue an order granting the out-of-time

STEPHANIE A. LARSEN, CSR, RPR

158

appeal and then she will proceed.

THE DEFENDANT: All right. Thank you very much, sir.

MS. MILLER: May we be excused?

THE COURT: Thank you-all.

(End of proceedings)

STEPHANIE A. LARSEN, CSR, RPR

159

STATE OF TEXAS

COUNTY OF BURNET

     I, Stephanie A. Larsen, Official Court Reporter in and for the 33rd District Court of Burnet County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

     I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

     I further certify that the total cost for the preparation of this Reporter's Record is $86.00 and will be paid by Defendant.

     WITNESS MY OFFICIAL HAND on this the 2nd day of June, 2011.

_____
Stephanie A. Larsen
Texas CSR No. 6921
Expiration Date:  12-31-12
Official Court Reporter
33rd District Court
Burnet County, Texas
P.O. Box 554
Marble Falls, Texas  78654
(512)715-5230

STEPHANIE A. LARSEN, CSR, RPR

160