**Opinion issued November 7, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-19-00854-CR**

**NO. 01-19-00855-CR**

———————————

**IN RE WALTER ALEXANDER CRUZ, Relator**

---

**Original Proceeding on Petition for Writ of Habeas Corpus**
**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, Walter Alexander Cruz, has filed a "Petition for Writ of Habeas of Mandamus Motion to Set Aside the Indictment," contending that his right to a speedy trial, among other things, has been violated.[1] In his hybrid[2] petition, Relator

---

[1] The underlying cases are *The State of Texas v. Walter Alexander Cruz*, cause numbers 1624578 and 1625896, pending in the 176th District Court of Harris

asks for the Court to grant a "motion to set aside, dismiss, and motion to quash."

For the reasons explained below, we dismiss the petition for writ of habeas corpus

for lack of jurisdiction and deny mandamus relief.

In his petition, Relator asserts:

- "from the time of his arrest . . . until the date of trial . . . a period of (196) days expired and due to this, his right to a speedy trial was violated";

- he "has been repeat[ed]ly refused the [r]ight to obtain any copies of his Discovery Package to understand the allegation which he is being accused of";

- the indictment "does not show on it face facts necessary to give [Relator] precise notice of the 'nature . . . of the accusation against him'" and "fails to allege all the essential acts or omissions by [Relator] necessary to constitute the offense charged"; and

- the indictment "wholly fails to allege on [its] face, facts necessary to enable [Relator] to plead to the indictment so that a judgement would become a bar to subsequent prosecution for the same contemplated in Article 21.04, C.C.P."

Relator's prayer for relief seeks that the indictments be set aside, the causes

dismissed and that he be "release[d] and discharge[d] . . . from prosecution."

This Court has jurisdiction to issue a writ of habeas corpus in civil contempt

cases. TEX. GOV'T CODE ANN. § 22.221(d). In criminal matters, our habeas corpus

jurisdiction is appellate only, and we do not have original habeas corpus

County, Texas, the Honorable Nikita V. Harmon presiding. Relator's petition is for both cases.

[2] Although the petitions were filed as a request for a single type of relief, the Court will construe Relator's requests as petitions for both habeas corpus and mandamus relief.

2

jurisdiction. *Ex parte Denby,* 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding); *see also Chavez v. State,* 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. GOV'T CODE Ann. § 22.221) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases."). If the trial court had denied habeas relief to Relator after a hearing, this Court would have jurisdiction over the appeal from that denial. *See Rodriguez v. Court of Appeals,* 769 S.W.2d 554, 557 (Tex. Crim. App. 1989); *Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim. App. 1986). We lack jurisdiction over this attempt to seek pre-conviction habeas relief directly from this Court. *In re Lozano,* No. 14–12–00049–CR, 2012 WL 274076, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, orig. proceeding) ("To the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction.") (citing *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)). We therefore dismiss Relator's petition for a writ of habeas corpus for want of jurisdiction.

Concerning Relator's request for mandamus relief, a relator in a mandamus proceeding must show that (1) he has no adequate remedy at law and (2) what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *Lozano,* 2012 WL 274076, at *1 (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals,* 236 S.W.3d 207, 210 (Tex. Crim. App. 2007)

3

(orig. proceeding)). "Consideration of a request or motion that is properly filed and before the court is a ministerial act." *Id.* (citing *State ex rel. Curry v. Gray,* 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding)). To receive mandamus relief, a relator must show that "the trial court received, was aware of, and asked to rule on the motion." *Id.* (citing *In re Villarreal,* 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)). Further, the petition for mandamus must be accompanied with an appendix that includes, among other things, "a certified or sworn copy of the document showing the matter complained of." *In re Villarreal*, 96 S.W.3d at 710 (identifying three mandamus requirements: court's legal duty to perform non-discretionary act, asking of court to perform act, and failure of court to do so). *See* TEX. R. APP. P. 52.3(k).

Because Relator does not show that the trial court received any request for relief from the asserted speedy trial violation or any other purported violation, or that the court was asked to rule on any such request, we must deny the petition for writ of mandamus. *See id.* (denying requested mandamus relief based on speedy trial violation where nothing showed trial court had been made aware of or asked to rule on request for trial).

We dismiss Relator's petition for a writ of habeas corpus and deny the petition for writ of mandamus. All pending motions filed in connection with these original proceedings are dismissed as moot.

4

**PER CURIAM**

Panel consists of Justices Kelly, Hightower, and Countiss.

Do not publish.   TEX. R. APP. P. 47.2(b).