**Opinion issued January 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00858-CR

_____

## IN RE JONATHAN ABRAM, Relator

---

### Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Jonathan Abram, has filed a "Petition for Writ [of] Habeas Corpus Motion to Set Aside the Indictment," contending that the indictment "does not state sufficient facts to constitute an offense against the laws of the State of Texas."[1] For

---

[1] The underlying case is *The State of Texas v. Jonathan Abram*, cause number 1572078, pending in the 178th District Court of Harris County, Texas, the Honorable Kelli Johnson presiding.

the reasons explained below, we dismiss the petition for writ of habeas corpus for lack of jurisdiction.[2]

In his petition, Relator asserts:

- "The indictment fails to allege all the essential acts or omissions by the Defendant necessary to constitute the offense charged";

- "The indictment fails to set forth sufficient facts and/or allegations that would appraise the Defendant or put the Defendant on notice of committing, which acts or facts or circumstances, if proved, would render Defendant guilty. . ."; and

- "Indictment wholly fails to allege on its face, facts necessary to enable the Defendant to plead to the indictment so that a judgment would become a bar to subsequent prosecution. . ."

Relator asks for this Court to "set aside the indictment herein, and dismiss the cause from the docket of this Court and release and discharge the Defendant from prosecution."

This Court has jurisdiction to issue a writ of habeas corpus in civil contempt cases. TEX. GOV'T CODE § 22.221(d). In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) (per curiam); *see also Chavez v. State,* 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. GOV'T CODE

---

[2] No record was filed with the petition. Texas Rule of Appellate Procedure 52.3(k) requires all original proceedings to be filed with an appendix that contains, *inter alia,* "a certified or sworn copy of any order complained of, or any other document showing the matter complained of."

§ 22.221) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases.").

If the trial court had denied habeas relief to Relator after a hearing, this Court would have jurisdiction over the appeal from that denial. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986). We lack jurisdiction over this attempt to seek pre-conviction habeas relief directly from this Court. *In re Lozano*, No. 14–12–00049–CR, 2012 WL 274076, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, orig. proceeding) (per curiam) ("[T]o the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction.") (citing *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)).

We therefore dismiss Relator's petition for a writ of habeas corpus for want of jurisdiction. All pending motions filed in connection with this original proceeding are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Countiss.

Do not publish.   Tex. R. App. P. 47.2(b).