**Opinion issued January 14, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00859-CR

_____

## IN RE JONATHAN ABRAM, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

## MEMORANDUM OPINION

Relator, Jonathan Abram, has filed a petition for "Writ of Habeas Corpus to Set Aside, Vacate, Dismiss and Expunge the Indictment, and Release," contending that the indictment "does not state sufficient facts to constitute an offense against

the laws of the State of Texas."[1] For the reasons explained below, we dismiss the petition for writ of habeas corpus for lack of jurisdiction.[2]

In his petition, Relator asserts:

- "The indictment clearly fails to set forth enough sufficient facts that would apprise Defendant or put the Defendant on notice of committing, which acts, facts or circumstances . . . would render him guilty in order that the Defendant's rights not be prejudiced. . .";

- "The indictment wholly fails to allege on its face which Penal Code is charged to enable Defendant to 'knowingly and intelligently' plead to the indictment so that a judgment would become a bar to subsequent prosecution for the same. . .";

- "The indictment nowhere states the indictment was presented to the District Court of the county where the Grand Jury was in session. The docket is the only record of what happened in a criminal proceeding. . . No such record exists of an 'open court' presentation. No indictment exists as a matter of law.";

- "No evidence exists" in light of article 38.17 of the Code of Criminal Procedure; and

- "[N]ew evidence [came] to light to support this issue and indictment could never be proven."

---

[1]     The underlying case is *The State of Texas v. Jonathan Abram*, cause number 1572078, pending in the 178th District Court of Harris County, Texas, the Honorable Kelli Johnson presiding.

[2]     No record was filed with the petition. Texas Rule of Appellate Procedure 52.3(k) requires all original proceedings to be filed with an appendix that contains, *inter alia,* "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." *See* TEX. R. APP. P. 52.3(k).

Relator asks for this Court to "set aside, vacate, dismiss and order expungement of the indictment" and to order relator's "immediate release and discharge . . . from prosecution and confinement."

This Court has jurisdiction to issue a writ of habeas corpus in civil contempt cases. TEX. GOV'T CODE § 22.221(d). In criminal matters, our habeas corpus jurisdiction is appellate only, and we do not have original habeas corpus jurisdiction. *Ex parte Denby*, 627 S.W.2d 435, 435 (Tex. App.—Houston [1st Dist.] 1981, orig. proceeding) (per curiam); *see also Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing TEX. GOV'T CODE § 22.221) ("A court of appeals does not have original habeas corpus jurisdiction in felony cases.").

If the trial court had denied habeas relief to Relator after a hearing, this Court would have jurisdiction over the appeal from that denial. *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986). We lack jurisdiction over this attempt to seek pre-conviction habeas relief directly from this Court. *In re Lozano,* No. 14–12–00049–CR, 2012 WL 274076, at *1 (Tex. App.—Houston [14th Dist.] Jan. 31, 2012, orig. proceeding) (per curiam) ("[T]o the degree relator seeks release from custody, relator is seeking pretrial habeas corpus relief over which this court does not have jurisdiction.") (citing *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991)).

We therefore dismiss Relator's petition for a writ of habeas corpus for want of jurisdiction. All pending motions filed in connection with this original proceeding are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Kelly, and Countiss.

Do not publish.   TEX. R. APP. P. 47.2(b).